YELVERTON HARDWARE COMPANY v. PILAND AND SONS GARAGE COMPANY.

(Filed 27 September, 1922.)

**Receivers—Title—Chattel Mortgage—Registration—Liens.**

> The title to the property of the creditor passes to the receiver at the time of his appointment by the court, and the holder of an unregistered chattel mortgage on his goods does not have a specific lien thereon, superior to the rights of the general creditors, for which the receiver holds the title in trust.

APPEAL by L. D. Gulley, one of the creditors of the defendant company, and the petitioner in this cause, from a ruling of the receiver for said defendant, alleging divers specific liens on property at the time the receiver was appointed. The matter was heard on exceptions to the report of the receiver, before *Allen, J.,* at August Term, 1922, of the Superior Court of WAYNE, and the petitioner Gulley appealed.

*D. H. Bland and N. Y. Gulley for petitioner.*
*E. M. Land and Hood & Hood for the other creditors of the company.*

CLARK, C. J. At the time a receiver was appointed to take charge of the property of the defendant garage company, it was indebted to the petitioner L. D. Gulley for borrowed money in various amounts, which were set out in promissory notes given at sundry times, secured by chattel mortgages on certain automobiles and trucks which were not registered at the time the receiver was appointed. The defendant Piland, and other creditors of the defendant company, contend that the petitioner is not entitled to the liens claimed, and also set up a claim of usury. The receiver did not pass upon the question of usury, it being agreed between all the parties that that matter should be postponed and litigated before the Superior Court.

The receiver held that the petitioner Gulley is not entitled to a specific lien upon the automobiles and trucks set out in the note for that he had not obtained any lien thereon by registration at the time the receiver was appointed. The court properly sustained this ruling of the receiver.

The automobiles and trucks embraced therein passed to the receiver for the benefit of the general creditors, and L. D. Gulley has no lien upon them, nor upon the proceeds. *Starr v. Wharton,* 177 N. C., 324.

*Observer Co. v. Little,* 175 N. C., 44, is decisive of this question, the Court saying: "And it is held further with us that after proceedings are instituted and receivers appointed, no general creditor can, on his own account, take any separate or effective steps in furtherance of his claim," and it is said further: "Under these conditions, it is in accord with right reason that a proceeding of this character and the appointment of receivers thereunder shall be considered in the nature of judicial process by which the rights of general creditors are 'fastened upon property' within the meaning of the principle, and avoiding all claims for specific liens which have not obtained legal priority by having the same duly registered as provided and required by law; and well considered authority is in full support of the position," citing numerous authorities.

In *Hardware Co. v. Holt,* 173 N. C., 310, *Hoke, J.,* says: "True, the receivers, unless otherwise provided in the order, could not properly assume control of the property till they had qualified. Certainly they could make no authoritative disposition of it before that; but the language of the statute is that the property vests at the date of the appointment, and that the title of the corporation is divested at that date. The statute was evidently expressed in these explicit and peremptory terms with a view of insuring a distribution of the property under conditions existent at the time of the appointment, and to prevent a creditor from obtaining any advantage over another from and after that time, and it is, therefore, expressly provided that from such date the corporation shall have no interest in the property on which a lien can be acquired.".

In this case there is no controversy that the property had been actually taken possession of by the receiver, but as shown in the above cited cases, if it had been otherwise the title passed upon the appointment of a receiver and the holder of an unregistered lien could acquire no priority subsequent to the date when the property was divested by the decree appointing the receiver.

Affirmed.