GUY F. BASSETT, TRADING AS THE INDEPENDENT COOPERAGE COMPANY, v. THE PAMLICO COOPERAGE COMPANY, A CORPORATION, A. M. DUMAY, AND OTHERS, OFFICERS AND DIRECTORS OF SAID COMPANY, THE NATIONAL VENEER COMPANY, ET AL.

(Filed 5 November, 1924.)

Corporations — Deeds and Conveyances — Debtor and Creditor — Distribution of Funds—Judgments.

The sale of an insolvent corporation or manufacturing concern of practically its entire property for the payment of debts, and with the view of presently going out of business, amounts practically to a dissolution, and in such case the proper rule for distribution of the assets among creditors is that of equality of payments: and where the directors distribute the proceeds of sale for the payment of notes of the corporation upon which they were individually bound without recognition in the distribution of a judgment creditor, they take with notice of this unpaid debt and are individually liable.

CIVIL ACTION, tried before *Devin, J.,* and a jury, at May Term, 1924, of BEAUFORT.

The action is principally for the purpose of recovering of defendants, the officers and directors of the Pamlico Cooperage Company, the proportionate part of a judgment held by plaintiff against said defendant company by reason of the alleged wrongful distribution of the assets of defendant corporation to plaintiff's prejudice. At the close of the evidence, on motion, there was judgment of nonsuit and plaintiff, having duly excepted, appealed.

*Ward & Grimes for plaintiff.*
*S. C. Bragaw for Pamlico Cooperage Co.; Small, MacLean & Rodman for National Veneer Co., defendants.*

HOKE, C. J. It appears from the allegations and admissions in the pleadings and from the evidence offered on the trial that in 1919, plaintiff, having a claim against the Pamlico Cooperage Company, instituted suit to recover same in the District Court of the United States in the Eastern District of North Carolina, and in April, 1922, recovered a judgment thereon, which said judgment is still due and unpaid. That in 1920, the defendant, the Pamlico Cooperage Company, sold and conveyed its entire interests and property for $109,000.00, the conveyance being made first to defendant, W. B. Simmons, acting in the matter for defendant, the National Veneer Company, and who later conveyed same to the Veneer Company, which said company has paid the purchase price in full. That the said Pamlico Company, was practically insolvent, the sale being made with a view of paying off its indebtedness and going out of business, and the defendants, its officers and directors, in the management and control of its affairs, having received said purchase money, and with full knowledge or notice of plaintiff's claim, applied and distributed the entire purchase price to the payment and satisfaction of said company's existent indebtedness other than plaintiff's claim, and for the greater part of which said officers and directors were liable as endorsers on the company's notes.

On these the facts chiefly pertinent, and undisputed so far as we can discover, there is, in our opinion, nothing to justify or uphold further recovery against the Veneer Company, the purchaser. The Pamlico Company, being at the time a going concern, the defendant, the Veneer Company, having bought and paid the purchase price, so far as appears the full value of the property, and there being no evidence tending to show any fraudulent or ulterior purpose on its part, the title acquired is valid and it should be quit of further obligation by reason of the transaction. *Bank v. Hollingsworth,* 143 N. C., p. 520; *Bank v. Cotton Mills,* 115 N. C., p. 507; *Hancock v. Holbrook,* 40 La. Anno., p. 53; 14 Corpus Juris, sec. 3069.

With regard to the disposition of the purchase price, however, a different principle must prevail. For, the corporation being insolvent or nearly so, this conveyance of its entire property with a view of going out of business amounted practically to a dissolution, and in such case the rule of distribution encumbent upon its directors and managers is that of equality among all of its creditors, and they acted in their own wrong when they distributed the entire assets among the other creditors, having full knowledge and notice of plaintiff's claim, assuredly so when

this was done for their own relief, and by paying off debts for which they were personally liable. *Steel Co. v. Hardware Co.,* 175 N. C., p. 450; *Drug Co. v. Drug Co.,* 173 N. C., p. 502; *Wall v. Rothrock,* 171 N. C., p. 388; *McIver v. Hardware Co.,* 144 N. C., p. 479; *Whitlock v. Alexander,* 160 N. C., p. 479; *Pender v. Speight,* 159 N. C., p. 612; *Graham v. Carr,* 130 N. C., p. 271; *Townsend v. Williams,* 117 N. C., p. 330; *Hill v. Lumber Co.,* 113 N. C., pp. 173-177; *Darcy v. Ferry Co.,* 196 N. Y., p. 99; *Tatum v. Leigh,* 136 Ga., p. 791.

In the *Steel case, supra,* the Court, in speaking to the question, said: "It further appeared that the individual defendants, Dermot Shemwell and B. C. Young, were at that time in active charge of the affairs of defendant company and took personal part in directing the distribution of the assets and making the payment as specified, and on these facts as accepted by the jury and under the principles heretofore stated, we think that equality among all the creditors was the correct rule of distribution, and said defendants, in active management and control of the assets of an insolvent corporation, committed a breach of legal duty in paying 83 1-3 per cent on a debt of $15,000 in which defendant Shemwell was already obligated as endorser, and they have been properly charged with the sum required to bring the payments on plaintiff's claim to an amount equalling 75 cents on the dollar, the dividend that the assets justified."

And in *Graham v. Carr, supra,* it was said among other things: "But creditors, whether they are stockholders or not, sustain a different relation to the assets of the corporation and the corporation sustains a different relation to them, and they have rights, with regard to the payment of debts that stockholders as such do not have. As they have no lien on the assets of the corporation for the payment of their debts, and no right to have their debts preferred to those of other creditors, nor to object to the payment of other creditors in preference to the payment of their debts (if they are just debts), if such payments are made in good faith and without fraud, unless the debts so paid are due to a stockholder or officer of the corporation. When this is the case, the law will not allow the stockholders and officers of the corporation to take advantage of their knowledge of the insolvent condition of the concern, and their power to use and control the assets, to pay their own debts or to relieve them from special liabilities to the injury of other creditors. *Bank v. Cotton Mills,* 115 N. C., p. 507; *Hill v. Lumber Co.,* 113 N. C., p. 173, 21 L. R. A., p. 560, 37 Am. St. Rep., p. 621, as explained in *Bank v. Cotton Mills, supra;* 5 Thompson on Corporations, sec. 6503; 7 Thompson, sec. 8497."

Applying these principles, the directors and managing officers in distributing the entire purchase money to debts for which they had become

33—188

personally liable, and leaving plaintiff's claim unpaid and with nothing available for its payment, acted in violation of plaintiff's legal rights as creditor of the company, and must be held liable for the proper proportionate part of plaintiff's claim.

The judgment of nonsuit will be set aside and the cause proceeded with in accord with this opinion.

Reversed.