IN RE B. FRANK HARRIS AND WIFE, MARIE M. HARRIS, v. AMERICAN BANK AND TRUST COMPANY, TRUSTEE (FORMERLY AMERICAN TRUST COMPANY, OF RICHMOND, VIRGINIA), A. M. SCALES, TRUSTEE, FOR PILOT LIFE INSURANCE COMPANY, J. B. HICKS, TRUSTEE, FOR JOEL T. CHEATHAM, J. C. KITTRELL, TRUSTEE, FOR HEIRS OF B. T. BRODIE.

(Filed 23 April, 1930.)

**Mortgages H n — Where no loss is occasioned by resale, depositor of amount therefor is entitled to a refund of the deposit.**

The deposit required by C. S., 2951, is to guarantee against loss in a resale of land under foreclosure sale of a mortgage, and where the clerk of the Superior Court has required of a person placing an advance bid a deposit representing a five per cent increase bid, and in addition a deposit to guarantee compliance with the bid, under the statute, and the lands are resold and bought in by the one making the advance bid, and he refuses to pay the amount because of threatened litigation, and the lands are again resold and bring a surplus over that of the prior resale: *Held,* there has been no loss occasioned by the first resale, and the person making the deposit therefor is entitled to receive it back as against the claim therefor of one holding a note secured by a junior mortgage on the same property.

APPEAL by petitioner, Joel T. Cheatham, from *Small, J.,* at October Term, 1929, of VANCE. Affirmed.

The following judgment was rendered by the court below:

This cause coming on to be heard during the regular civil term of Superior Court of Vance County, October, 1929, all parties being present and represented by counsel. It was agreed in open court that the presiding Judge, Walter L. Small, might find the facts and enter judgment thereon as he might view the law of the case.

Evidence was offered, and upon such evidence and admissions in the pleadings and those made during the hearing, the court finds the following facts:

First. That B. Frank Harris executed deeds of trust securing notes, as follows:

First lien deed of trust to A. M. Scales, trustee, dated 6 February, 1924, Book 99, page 55, for $15,000, for whom and the holder of said bond R. S. McCoin, of Henderson, N. C., was and is attorney, principal and interest as of 29 March, 1929, $15,251.74.

Second lien deed of trust to American Bank and Trust Company, trustee, dated 16 June, 1925, of record Book 127, page 117, for $12,-879.66, for whom and holder of bond secured thereby R. S. McCoin, of Henderson, N. C., was and is attorney, balance as of 29 March, 1929, $4,164.24.

Third lien deed of trust to J. B. Hicks, trustee, dated 3 July, 1928, of record Book 151, page 106, for $4,747.75, and as of 29 March, 1929, notes held by S. R. Watson, $4,961.39.

Fourth lien deed of trust to J. C. Kittrell, trustee, dated 22 August, 1928, Book 151, page 139, interest not figured, for whom and also holders of bond J. C. Kittrell, of Henderson, N. C., is attorney. Notes held by estate B. T. Brodie, $10,700.

Second. All of the above liens being past due and unpaid, the American Bank and Trust Company, trustee (formerly American Trust Company, of Richmond, Va.), pursuant to power set forth in deed of trust recorded in Book 127, page 117, and above referred to as 'second lien,' proceeded to advertise the lands therein described for sale on the ........ day of February, 1929, and after due advertisement sold the same on 18 March, 1929, at which time S. R. Watson, who was then the holder of notes secured by the third lien, became the last and highest bidder at the sum of $5,000 and the purchaser to assume the first lien and taxes.

Third. Within ten days of said sale B. Frank Harris, the mortgagor, placed an advanced bid thereon and deposited with the clerk of Superior Court $250, representing five per cent increased bid and $750 in addition thereto to guarantee the performance of his bid, making a total of $1,000 deposited with the clerk of Superior Court of Vance County. Thereupon, the clerk ordered a resale of the property which was duly advertised, and at said sale the property was bid in by B. Frank Harris at the sum of $6,000, purchaser to assume first lien and taxes. This sale was duly reported to the clerk of Superior Court by said trustee. Upon the expiration of ten days, no increased bid having been filed with the clerk of Superior Court, said clerk of Superior Court upon application of the trustee, which application did not contain request for said $1,000 and authority to disburse, ordered the execution and delivery of a good

and sufficient deed to said B. Frank Harris or his assignee upon the compliance of the terms of the sale. The deed was prepared and tendered, said B. Frank Harris and also to his assignee, R. J. Wortham, and refused by them, and both refused to pay for said lands the bid of $6,000, holders of the fourth lien having protested and threatened litigation over right of B. Frank Harris to assign his bid.

Fourth. Immediately thereafter the clerk of the Superior Court ordered the said trustee to advertise said land for a period of thirty days and offer the same for sale upon the same terms and conditions as a former sale; and as required in said deed of trust and by law. In obedience to said order the trustee did offer and sell the same on 3 May, 1929, when and where Joel T. Cheatham, petitioner, who had acquired the S. R. Watson bonds secured by the third deed of trust, became the last and highest bidder at the sum of $4,100 and assuming the first lien and taxes. Said trustee duly reported said sale to the clerk of Superior Court, and within ten days thereof L. R. Gooch filed a five per cent increased bid and deposited the same with the clerk of Superior Court and requested that the said property be readvertised and sold.

Thereupon the clerk ordered said trustee to immediately readvertise said property for fifteen days under the same terms of the former sale. Said trustee readvertised and sold on 1 July, 1929, when and where Joel T. Cheatham became the last and highest bidder at the sum of $6,500 and purchaser assuming the first lien and taxes. Said trustee made due report thereof to the clerk of the Superior Court, and upon the expiration of ten days no increased bid having been filed, the said clerk ordered said trustee upon its application to make, execute and deliver a good and sufficient deed to Joel T. Cheatham upon his compliance with his terms of the sale. The deed was executed and delivered by said trustee to Joel T. Cheatham, who complied with the terms thereof.

Fifth. If the bid of B. Frank Harris, of 15 April, 1929, had been carried out and made good the distribution thereunder would have been as follows:

| | | |
|---|---:|---:|
| Amount of bid of B. Frank Harris, 4/15/29................ | | $6,000.00 |
| Amount due on second mortgage, 4/25/29....................$4,182.28 | | |
| Expense of sale to 4/25/29, 5 per cent commission on | | |
| $6,000 ........................................................................ | 300.00 | |
| Court cost (estimated) ..................................... ...... | 10.00 | |
| Auctioneer's fees ........................................................ | 6.00 | |
| Advertising ................................................................. | 15.00 | |
| | | 4,513.28 |
| Balance to be applied on third mortgage .................... | | $1,486.72 |

The distribution of the proceeds of the final sale of said land to Joel T. Cheatham was as follows:

| | | |
|---|---:|---:|
| Amount of bid | | $6,500.00 |
| Amount due on second mortgage, 7/10/29 | $4,235.03 | |
| Expense of sale, 5 per cent commission on $6,500 | 325.00 | |
| Advertising | 21.00 | |
| Auctioneer's fee | 12.00 | |
| Court cost | 15.00 | |
| | | 4,608.03 |
| Balance to be applied on third mortgage | | $1,891.97 |

Making the holders of the debt secured by the third deed of trust receive $405.25 more than they would have received if the bid of B. Frank Harris of 15 April, 1929, had been carried out.

After applying the above credit on the notes of the third lien there is a balance due and unpaid thereon of $2,860.29.

Sixth. The deposit made by L. R. Gooch for an advanced bid was returned to him by the clerk of the Superior Court. The deposit of $1,000 by B. Frank Harris being demanded by B. Frank Harris and Joel T. Cheatham was held by the clerk of the court pending the termination of this controversy, and this action was brought by Joel T. Cheatham.

Upon the foregoing facts the court being of the opinion that B. Frank Harris is entitled to the $1,000 deposited by him with the clerk of the Superior Court:

Wherefore, it is ordered, adjudged and decreed that the clerk of the Superior Court of Vance County pay over to B. Frank Harris, or his assignees, the sum of $1,000 deposited by B. Frank Harris, securing an advanced bid on 15 April, 1929, and that the cost of this action be taxed against the petitioner, Joel T. Cheatham.

WALTER L. SMALL, *Judge Presiding."*

The petitioner made numerous exceptions and assignments of error and appealed to the Supreme Court.

*D. P. McDuffie for Joel T. Cheatham.*
*Perry & Kittrell for B. Frank Harris.*

CLARKSON, J. The question involved: Where a mortgagor placed an advance bid on property under trustee's sale and makes deposit, as required by the clerk, and the property is readvertised and bid in by the mortgagor at the advanced bid, the mortgagor not complying with

the terms of sale, it is ordered resold by the clerk, and at the last resale brings $500 more than the advanced bid made by mortgagor, leaving $405.25 more to be applied to the creditors' notes secured by third deed in trust, does the mortgagor lose the money he deposited in court for the advance bid? We think not.

The controversy again requires the construction of C. S., 2591. This section in regard to other matters has been frequently construed. See *Banking Co. v. Green,* 197 N. C., 534, and cases cited; *Hanna v. Mortgage Co.,* 197 N. C., 184; *Brown v. Sheets,* 197 N. C., 268; *Davis v. Insurance Co.,* 197 N. C., 617. The part of C. S., 2591, relative to the present controversy is as follows: "In the foreclosure of mortgages or deeds of trust on real estate, or in the case of the public sale of real estate by an executor, administrator, or administrator with the will annexed, or by any person by virtue of the power contained in a will, the sale shall not be deemed to be closed under ten days. If in ten days from the date of the sale, the sale price is increased ten per cent where the price does not exceed five hundred dollars, and five per cent where the price exceeds five hundred dollars, the same is paid to the clerk of the Superior Court, the mortgagee, trustee, executor or person offering the real estate for sale shall reopen the sale of said property and advertise the same in the same manner as in the first instance. The clerk may in his discretion, require the person making such advance bid to execute a good and sufficient amount to guarantee compliance with the terms of sale should the person offering the advance bid be declared the purchaser at the resale. . . . The clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties, and he shall keep a record which will show in detail the amount of each bid, the purchase price, and the final settlement between parties."

B. Frank Harris, who placed an advance bid on the property sold under the second deed of trust, was required by the clerk, under the statute, to deposit with the clerk $250, representing five per cent increased bid and also $750 in addition, to guarantee compliance of his bid. Upon a resale B. Frank Harris was the last and highest bidder at $6,000, and no increase bid having been filed in accordance with the statute a deed was duly tendered to him and his assignee, and they refused to pay for said land, as the holders of the indebtedness secured by the fourth lien protested and threatened litigation over the right of B. Frank Harris to assign his bid. The land was readvertised under the second deed of trust, in accordance with the statute, and at the last resale bid in by Joel T. Cheatham for $6,500, who had purchased the notes secured by the third deed of trust and who assumed the first lien and taxes, and the deed was duly made to him. The last sale to Joel T. Cheatham brought $405.25, after paying expenses, more than the

20—198

B. Frank Harris' bid. Joel T. Cheatham claims that the $1,000 deposited by B. Frank Harris should be applied on the notes due him secured by the third deed in trust, balance due on his notes amounting to $2,860.29. We think the claim of Joel T. Cheatham cannot be sustained. The money deposited by B. Frank Harris, under the statute, was a guarantee that there would be no loss occasioned if he be declared the purchaser at the resale; he was so declared and did not comply, but there was no loss, as the property brought more on resale. The land on resale, after paying expenses, brought $405.25 more than B. Frank Harris' bid. After applying the proceeds of Joel T. Cheatham's bid of $6,500 on the second lien and third lien, and after paying expenses, Joel T. Cheatham received a surplus of $405.25 over the $6,000 bid by B. Frank Harris. There was no loss sustained by Joel T. Cheatham, the holder of the notes secured by the third deed in trust. He obtained a deed for the land at the bid he placed on same. He paid $6,500 for the land, and after paying expenses and the second lien and crediting the balance on the third lien, he obtained as a credit on his notes $405.25 more than he would have gotten if B. Frank Harris had complied with his bid. No wrong has been done Joel T. Cheatham and no damage sustained by him, from the facts appearing in this case. Joel T. Cheatham, in law or equity, has no claim to the $1,000, under the facts and circumstances of this case. The judgment below is

Affirmed.