T. O. TEAGUE, TRADING AS MARION VENEER AND PANEL COMPANY, IN BEHALF OF HIMSELF AND ALL OTHER CREDITORS AND STOCKHOLDERS OF THE TEAGUE FURNITURE COMPANY, v. TEAGUE FURNITURE COMPANY (A CORPORATION).

(Filed 16 December, 1931.)

1. **Corporations G d—Property of corporation is held as trust fund first for benefit of creditors and second for benefit of stockholders.**

   The directors and officers of a corporation hold its assets in trust first for its creditors and second for its stockholders, and its president and secretary, knowing the corporation to be insolvent may not divert the moneys of the corporation in the bank to the payment of a debt due him individually by the corporation as against the rights of creditors of the corporation later represented by a receiver appointed by the court.

2. **Corporations H e—Creditors of president who are assignees of his rights against corporation have no priority over creditors of corporation.**

   Where the president and secretary of an insolvent corporation to whom the corporation was largely indebted, has diverted the moneys of the corporation to pay his individual indebtedness just before the appointment of a receiver for the corporation by the court, and thereafter the president executes a deed in trust for the benefit of his individual creditors and includes in the trust estate as a credit the amount due him by the corporation, *Held:* the receiver acquires title to all property and rights of the corporation of whatever kind, and the equitable rights of the creditors of the corporation are superior to the rights of the personal creditors of the president, and the doctrine of equality of equities does not apply, and the receiver of the corporation should withhold from the trustee in the deed in trust upon the assigned claim against the corporation by its president the amount wrongfully diverted by the president immediately before the receivership. C. S., 1210.

3. **Assignments C a — Trustee in assignment for benefit of creditors acquires no better title than that of assignor.**

   Where the president and secretary of a corporation gives his deed in trust for the benefit of his personal creditors, and includes in the trust estate his claim against the corporation for money due, the trustee in the

deed in trust can acquire no better title than the assignor had, and the trustee takes the claim against the corporation subject to equities existing in favor of the corporation against the assignor.

APPEAL by J. E. Neal, trustee, from *Schenck, J.,* at February Term, 1931, of McDOWELL.

The plaintiff alleges:

1. That the defendant authorized and issued two classes of stock, (a) common stock in the par value of $77,000, and (b) 8 per cent cumulative preferred stock in the par value of $77,000.

2. That in the issuance and sale of the said preferred stock, the plaintiff, T. O. Teague, became the personal guarantor of both principal and dividends thereon, and by reason thereof, the defendant is indebted to the plaintiff in the sum of $77,000 plus a further sum of $3,000, dividends advanced, which the defendant was unable to pay.

3. That the defendant is indebted to the plaintiff in the further sum of $21,708.17 for moneys advanced to the defendant to enable it to carry on its business.

4. That the defendant is indebted to the plaintiff, T. O. Teague, trading as Marion Veneer and Panel Company, in the sum of $11,950.38 for veneer material and built up stock.

5. That by reason of the matters and things alleged in the last three preceding paragraphs, the defendant is indebted to the plaintiff in the sum of $113,658.55, over and above all offsets, credits and counterclaims.

6. That the indebtedness due by the defendant to the plaintiff, T. O. Teague, and T. O. Teague, trading as the Marion Veneer and Panel Company, is past due and unpaid and in addition thereto the defendant is indebted to various other creditors in the amount of approximately $110,000, that is, a total of more than $200,000.

7. That, during the year 1921, the furniture plant of the defendant in the town of Marion, N. C., was operated at an operating loss of approximately $52,866.71, and by reason thereof, the defendant is insolvent and unable to pay its creditors, all of whom are making demands upon it and are threatening to bring suits in various places in North Carolina.

8. That the defendant is in imminent danger of having its property dissipated; that its business operations have practically been suspended, owing to its financial condition and inability to procure funds with which to operate, and its assets are gradually depreciating and are being gradually consumed, and if it is permitted to continue operation, great and serious loss will result to the creditors and stockholders.

On 20 January, 1930, Judge Harding appointed R. S. Crisp temporary receiver of the Teague Furniture Company and on 31 January Judge Schenck made the appointment permanent.

The receiver made a report setting forth a transaction between T. O. Teague, the president of the Teague Furniture Company and J. W. Crawford, the secretary of the company, which is more specifically stated in the order of the court; and the receiver was authorized to institute an action against the above named parties for the recovery of the sum of $2,500 referred to in the report and in the order. Thereupon he brought suit against J. W. Crawford, the plaintiff being a party.

The cause came on for hearing at the February Term of the Superior Court and Judge Schenck from the evidence offered found certain facts among which are the following:

1. On 18 January, 1930, T. O. Teague was the president and treasurer of the Teague Furniture Company, a corporation doing business in the town of Marion, and J. W. Crawford was secretary and bookkeeper of the said corporation on the said date.

2. On 18 January, 1930, the Teague Furniture Company owed large sums of money and was insolvent, which fact was known to the said T. O. Teague, and on application of T. O. Teague, individually and trading as the Marion Veneer and Panel Company, on 20 January, 1930, R. S. Crisp was appointed temporary receiver, and on notice to show cause being heard on 31 January, 1930, the said R. S. Crisp was named permanent receiver of said Teague Furniture Company, and executed and delivered the bond required and took possession of all of the assets of the said Teague Furniture Company.

3. Prior to 18 January, 1930, the Teague Furniture Company became indebted to and was on that date indebted to T. O. Teague, its president and treasurer, in a large sum of money, and prior to said date and on said date the said T. O. Teague was indebted to the said J. W. Crawford, secretary and bookkeeper, as aforesaid.

4. On 18 January, 1930, the sum of $2,500 was withdrawn from the treasury of the Teague Furniture Company on two checks aggregating that sum, each payable to the order of T. O. Teague, as an attempted credit on the amount due by the Teague Furniture Company to the said T. O. Teague, and at the same time the said Teague endorsed the said checks and delivered the same to the said J. W. Crawford in settlement of the indebtedness then existing and due by T. O. Teague to the said Crawford.

5. On 8 February, 1930, T. O. Teague, being indebted to various parties, with the joinder of his wife, executed and delivered to J. E. Neal, trustee, a deed of trust, which is recorded, conveying the property therein described, including the claim of the said T. O. Teague, individually and trading as Marion Veneer and Panel Company, against the

Teague Furniture Company, for the benefit of his creditors, reference being here made to the said trust deed for its terms, which are a part of these findings.

6. Pursuant to the authority given in a deed of trust described in the last preceding paragraph, J. E. Neal, trustee, filed with R. S. Crisp, receiver of the Teague Furniture Company, claim for the amount of indebtedness due by the said Furniture Company to T. O. Teague, less the amount of $2,500 withdrawn from the treasury of the Teague Furniture Company on 18 January, 1930, as above stated.

Upon the foregoing facts the court was of opinion that T. O. Teague, as president of the defendant company, was charged with the duty of preserving and properly distributing its assets, and that his withdrawal of $2,500 was a breach of his duty; that he should return this sum with interest; that when Teague executed his deed for the benefit of his creditors to J. E. Neal, the property of the defendant company was in *custodia legis* and that with reference to the debt due him by the defendant company he could convey no greater rights than he had; that the receiver has a right to withhold a sufficient amount of the claim filed with him by the trustee to refund the $2,500 with interest; and that the trustee is entitled to file a corrected claim with the receiver so as to eliminate the credit of $2,500 as of 18 January, 1930, and increase the amount of the claim to that extent, so that he may participate in the distribution of the assets of the defendant company in proportion to the correct amount due him.

It was thereupon adjudged that the trustee be authorized to file a corrected claim with the receiver, and that out of the first dividend or dividends a sum sufficient to refund the sum of $2,500 to the treasury of the defendant company, with interest from 18 January, 1930, be withheld by the receiver and distributed as assets of the corporation under the order of the court.

The trustee excepted and appealed.

*W. R. Chambers for trustee.*
*Winborne & Proctor for receiver.*

ADAMS, J. The appellant's only assignment of error relates to that part of the judgment which directs the receiver to withhold payment of $2,500 on the claim filed with him by J. E. Neal, trustee, to whom T. O. Teague had conveyed certain property for the benefit of his creditors.

T. O. Teague and J. W. Crawford were not only directors in the defendant company but they occupied responsible official positions— the former those of president and treasurer and the latter those of

secretary and bookkeeper. On 18 January, 1930, when the defendant was insolvent and indebted to its president in excess of $100,000, Crawford drew two checks on its treasury aggregating $2,500 payable to the order of T. O. Teague, the president, who in turn endorsed them to Crawford in payment of stock issued to Crawford by the defendant and purchased by Teague. Two days afterwards Crisp was appointed receiver of the defendant at the instance of Teague, and on 8 February Teague conveyed his property to a trustee for the benefit of his creditors.

In our jurisprudence the principle is firmly entrenched that the capital stock and property of a corporation constitute a trust fund which, in case of insolvency, should be administered first for the satisfaction of its creditors and then for the stockholders, the object being to give its creditors a right to priority of payment in preference to the claims of those who hold stock in the corporation. It is likewise an accepted principle that the directors of a corporate body and others who have the direct control of its affairs and the management of its business occupy in reference to the corporation a fiduciary capacity which imposes the peril of personal liability if they use their knowledge of its financial condition for their own benefit. *Hill v. Lumber Co.*, 113 N. C., 178. If this principle did not obtain it would be possible for the directors and shareholders of a corporation to dispose of practically all the assets of the corporation to their own advantage without incurring liability for their act. *McIver v. Hardware Co.*, 144 N. C., 478; *Bassett v. Cooperage Co.*, 188 N. C., 511.

The appellant concedes the principle but denies its application, contending that an issue is drawn between the creditors of the corporation and the creditors of Teague; that the legal title to Teague's claim against the defendant passed to the trustee upon the execution of the deed of trust and the equitable or beneficial title to Teague's creditors; that the equities of the creditors are equal; and that the judgment should be reversed.

All the real and personal property of the defendant company and all its franchises, privileges and effects, upon the appointment of the receiver forthwith vested in him and the title of the corporation was thereby divested. C. S., 1210; *Hardware Co. v. Garage Co.*, 184 N. C., 125. The entire assets were then in *custodia legis*. *Bank v. Bank*, 127 N. C., 432.

This was the situation when Teague's assignment was executed. Teague could convey no greater right than he had and his trustee, who succeeded to his rights, took the property subject to all equities enforceable against Teague, the assignor. *Southerland v. Fremont*, 107 N. C., 565; *Wallace v. Cohen*, 111 N. C., 103; *Sykes v. Everett*, 167 N. C., 600, 607.

The trustee holds the legal title to Teague's property; he took it after the receiver had been appointed and with at least constructive notice. The receiver is seeking to enforce an equity against Teague; and upon the findings of fact set out in the judgment he has established an equity superior to that of the trustee. The equities, therefore, are not equal, as insisted by the appellant, and in our opinion the judgment should be affirmed.

Affirmed.