MRS. IRENE PERKINS ISLEY, v. W. F. ISLEY & COMPANY, INC; MRS. MARY BELLE LEWIS ISLEY, Individually; MRS. MARY BELLE LEWIS ISLEY, Executrix of the Estate of W. F. ISLEY, Deceased; HOWARD G. STRUNKS; HARRY L. HOLTON.

(Filed 21 May, 1958.)

**Corporations § 19—**

Plaintiff's evidence *held* insufficient to sustain her allegations that the individual defendants, who held controlling interest in defendant close corporation, conspired together and paid themselves unreasonable and unconscionable salaries, thereby diminishing the amount available for dividends, and that defendant corporation had failed to distribute its earned surplus to the stockholders, thereby depriving plaintiff of dividends, there being no evidence as to the salary paid any individual officer or tending to show what services such officers performed, or that the corporation had retained assets in excess of those needed to continue operations.

Appeal by plaintiff from *Olive, J.,* September 9, 1957 Civil Term of Guilford.

Plaintiff seeks to recover compensatory and punitive damages from the individual defendants for an asserted fraudulent conspiracy to deprive her of her proportionate share of the earnings of corporate de-

fendant and to compel the corporate defendant to pay from its surplus and earnings dividends on its capital stock. The action was begun 25 November 1955.

The complaint in substance alleges: W. F. Isley & Company, a North Carolina corporation, was created in 1935 with an authorized capital stock of 500 shares of a par value of $100 per share. It was authorized to and did begin business when 75 shares were subscribed and paid for. No additional stock has been issued. Plaintiff owns 34 of the 75 shares which are outstanding. The remaining shares are owned by the individual defendants in proportions unknown to plaintiff. Plaintiff served as a director until 1940 when she resigned. The individual defendants now constitute the board of directors. W. F. Isley was also a director until his death in October 1954.

On 31 July 1955, the end of the corporate defendant's fiscal year, it had total assets of $20,036.53. The net worth of the corporation was $17,191.80, giving the stock a book value of $229.22 per share. A cash dividend of 10% was declared. The last previous dividend was in 1940 when a like 10% was declared. During the fiscal year ending with July 1955 the corporation paid salaries to salesmen in the amount of $3,445, to officers in the amount of $6,340, and other office salaries in the amount of $2,550. It had a profit for that year of $1,440.96; for the year ending with July 1954, a profit of $48.51; for the year ending in 1953, a net loss of $1,448.24; for the year ending in 1952, a profit of $2,378.97; and for the year ending in 1951, a net loss of $157.17.

W. F. Isley & Company is "a close corporation" operated by the majority shareholders for their own benefit and profit. The individual defendants "who hold controlling interest in stockholders' meetings and in directors' meetings have conspired to defraud the plaintiff of her share in the earnings in the defendant corporation by unreasonable and unconscionable salaries to themselves, thereby showing a smaller net profit for distribution to the stockholders and also by failing to distribute the earned surplus to the stockholders."

Each defendant answered. The answers admit plaintiff's stock ownership and that individual defendants are the remaining stockholders and are directors of the corporation. They allege they have acted honestly and in good faith for the best interests of the corporation and its shareholders; they have annually examined the corporation's needs and have not declared dividends because the assets are needed to continue operation. They allege that a substantial part of the officers' salaries referred to in the complaint in fact represent wages paid to the officers who spent a material part of their time in the company's shops performing manual labor manufacturing its products.

At the conclusion of plaintiff's evidence the court sustained the motions of defendants to nonsuit.

*Robert H. McNeely for plaintiff, appellant.*
*John R. Hughes for defendant, appellees.*

PER CURIAM.   Plaintiff offered no evidence to show the nature or character of the business in which the corporate defendant was engaged, nor did she offer any evidence to show the volume of sales in any year, the manufacturing costs, inventories of raw materials or manufactured products. She offered no evidence from which the court or jury could ascertain what salaries had been paid to any officer. The evidence merely showed total salaries paid. She offered no evidence tending to show that the salaries paid to the officers, salesmen, or other office employees were not reasonable. There is no evidence to show what services they performed nor how efficient or inefficient they were in the performance of their duties. She offered the minute books and financial reports prepared for the corporation by certified public accountants. These records show that the directors, at the end of each fiscal year, carefully considered the financial condition of the company and its probable fiscal needs for the coming year. The records disclose that the company's accountant and financial counselor advised against the payment of dividends, because all of the corporation's assets were needed to continue operations. The earnings records do not disclose a consistent capacity to produce income. If $7,500 was sufficient for corporate needs in 1935, it would seem reasonable to require twice that capital investment for the same volume of business in 1955. Conceding that plaintiff alleged facts sufficient to withstand a demurrer, it is apparent plaintiff's testimony fails to require submission of issues to a jury. *Gaines v. Mfg. Co.*, 234 N.C. 331, 67 S.E. 2d 355. Both *allegata* and *probata* are necessary.

Affirmed.