WILLIAM HENRY BELK v. BELK'S DEPARTMENT STORE OF COLUMBIA, S. C., INC., A CORPORATION, JOHN M. BELK, IRWIN BELK AND THOMAS M. BELK.

(Filed 15 April, 1959.)

**1. Judgments § 18—**

The validity of a judgment *in personam* is dependent upon jurisdiction over the person of the defendant.

**2. Same:   Corporations § 25—**

A judgment *in personam* can be rendered against a foreign corporation only when it exercises its corporate functions within the State.

**3. Process § 8c—**

Findings to the effect that the majority of the officers and directors of a foreign corporation maintained their offices in this State, that meetings of its board of directors was held here except for one meeting a year under the requirement of the state of its incorporation, that its officers within this State purchased substantial quantities of merchandise here for the corporation, that its accounting is performed here, etc., are sufficient to support adjudication that service on the corporation by service on its president and executive officer in this State constituted valid service.

**4. Corporations § 4—**

The directors of a corporation are entrusted with the actual management of the corporate affairs by the shareholders, and no external authority should interfere with their exercise of the power so entrusted to them when the power is honestly exercised for the benefit of the corporation and all of its shareholders.

**5. Corporations § 19—**

Courts will not interfere with the discretionary power vested in the directors of a corporation with respect to the declaration of dividends when such power is honestly exercised, but a court of equity will intervene only when it is made to appear that the directors are acting in bad faith and clearly abusing their discretion for some ulterior and improper purpose.

**6. Courts § 3—**

There is a distinction between the power of a court of equity to exercise jurisdiction and the expediency of exercising its jurisdiction, and ordinarily a court of equity will not exercise its jurisdiction if it lacks the power to enforce its decree.

**7. Same:　Corporations §§ 19, 25—**

Whether the courts of this State will entertain an action to compel the declaration of a dividend by a foreign corporation rests on expediency and convenience, G.S. 55-133(a), and where in such action it appears that the foreign corporation is doing business here, that the question of declaring dividends had heretofore been determined by its directors in regular meetings in this State, and that the court has power to enforce any decree it may render by order directed to a majority of the directors of the corporation who reside here, motion to dismiss the action for want of jurisdiction is properly denied.

APPEAL by Belk's Department Store of Columbia, S. C., Inc., from *Craven, S. J.,* September 1st 1958 Special Civil Term of MECKLENBURG.

Plaintiff, a resident of Florida, the owner of 1227 out of a total of 8000 shares of stock issued by Belk's Department Store of Columbia, S. C., Inc. (hereafter designated as Department Store) seeks to compel the declaration and payment of a cash dividend and an injunction prohibiting the use of corporate funds except as may be customary and appropriate in the operation of a department store as authorized by the charter of Department Store.

The individual defendants are stockholders and directors of Department Store. They reside in Mecklenburg County. Process has been served on them in their home county. Process was served on Department Store by delivering a copy of the summons and a copy of the complaint to John M. Belk, its president.

Department Store entered a special appearance and moved to dismiss for that (1) it was a foreign corporation which had not domesticated or done business in North Carolina; hence the service on its president gave the court no jurisdiction over it, and (2) the action involved the internal affairs of a foreign corporation, and as to such cause of action the court was without, or should not exercise, jurisdiction. No challenge is made with respect to the sufficiency of the facts alleged to justify a South Carolina court in awarding the requested relief.

The court heard evidence and, based thereon, made findings which, so far as pertinent to a decision, are summarized as follows: Department Store was incorporated in South Carolina on 23 December 1930. It was organized to conduct a general mercantile business, both wholesale and retail. Its principal place of business is Columbia, S. C.; but

it is authorized to have branch offices or places of business in or outside of South Carolina. John M. Belk is a director and president, Irwin Belk is a director and co-ordinating vice-president, Thomas M. Belk is a director and assistant secretary-treasurer. The board of directors is composed of the individual defendants and Henderson Belk, Charlotte, N. C., and Sarah Belk Gambrell, New York, N. Y. She is also assistant treasurer. The other officer of the corporation is Norman N. Scott, Columbia, S. C., who is executive vice-president and secretary. Department Store conducts a mercantile business in Columbia where it regularly employs more than 300 and in holiday periods more than 450. It does not have a store outside of Columbia nor does it have any individual employee, officers excepted, outside of South Carolina.

All stockholders' meetings, except one each year as required by South Carolina law, have been held at 308 East 5th Street, Charlotte, N. C. There the individual defendants maintain their offices. There in annual session the stockholders elect the directors. There the board of directors regularly meet, elect officers, hear reports, review the company's fiscal affairs, and make decisions. The book of stock certificates, the stock register, the corporate seal are all kept in Charlotte. The minutes of the stockholders' and directors' meetings are prepared and kept in Charlotte. There the president maintains his office "where he performs the duties of chief executive officer of the defendant corporation. In such capacity, the said President of the defendant corporation exercises control over and discretionary power in respect to the corporate functions of the defendant corporations." There Irwin Belk and Thomas M. Belk maintain their offices "where they also engage in the transaction of business for the corporate defendant and in the exercise of executive control over and discretionary power with respect to the corporate functions of the defendant corporation." Some of the duties performed by these officers in Charlotte relate to "the purchase of substantial quantities of merchandise at Charlotte, N. C., in a regular and continuous fashion, which also involves the attendance at frequent intervals during each year at Charlotte, N. C., of numerous employees of the corporate defendant for the purpose of selecting and ordering merchandise." Accounting and auditing services, including the preparation of income tax returns, are performed in Charlotte as are purchases of all types and kinds of insurance, office supplies, wrapping paper, order books, and office equipment. The investment of corporate funds, purchase of stock in other corporations, leases and purchases of property, designing of merchandise, selection of trade names and the development of sales and adver-

tising policies are handled in Charlotte. From the inception of the corporation all transfers of stock have been made and stock dividends issued at the above address in Charlotte, N. C.

The stock, according to unchallenged allegations, of the company is owned as follows:

|  | shares |
| --- | --- |
| W. H. Belk | 1227 |
| John M. Belk | 1227 |
| Henderson Belk | 1227 |
| Thomas M. Belk | 1227 |
| Irwin Belk | 1227 |
| Sarah Belk Gambrell | 1227 |
| Belk's Department Store of Batesburg, S. C., Inc. | 318 |
| Trustees under the Will of W. H. Belk, Sr., deceased | 320 |
| Total outstanding shares | 8000 |

Based on the findings so made, the court concluded Department Store was engaged in business in North Carolina when process was served on it by delivering copy to its president, and that the court had jurisdiction of the parties and cause of action. It denied the motion to dismiss. Department Store excepted and appealed.

*Weinstein & Muilenburg for plaintiff, appellee.*
*Helms, Mulliss, McMillan & Johnston and David M. McConnell for defendant, appellant.*

RODMAN, J.   The validity of an *in personam* judgment is of course dependent on jurisdiction over the person of the defendant. *Pennoyer v. Neff,* 95 U.S. 714, 24 L. ed. 565; *Rutherford v. Ray,* 147 N.C. 253; *Doyle v. Brown,* 72 N.C. 393. It follows that a judgment *in personam* can only be rendered against a foreign corporation when it has exercised its corporate functions within the State. *Lambert v. Schell,* 235 N.C. 21, 69 S.E. 2d 11; *Goldey v. Morning News,* 156 U.S. 518, 39 L. ed. 517.

"Whether a foreign corporation is doing business in North Carolina, so as to subject it to the jurisdiction of the State's Courts, is essentially a question of due process of law under the U. S. Constitution, Amendment 14 (1), which must be decided in accord with the decisions of the U. S. Supreme Court." *Putnam v. Publications,* 245 N.C. 432, 96 S.E. 2d 445.

In *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057, the Supreme Court decided that "due

process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

Based on the findings made by the court, it is manifest that "traditional notions of fair play and substantial justice" do not immunize Department Store from service of process and *in personam* judgments by the courts of this State. *Shepard v. Manufacturing Co.,* 249 N.C. 454; *Painter v. Finance Co.,* 245 N.C. 576, 96 S.E. 2d 731; *Harrington v. Steel Products, Inc.,* 244 N.C. 675, 94 S.E. 2d 803; *Lambert v. Schell, supra; Lightner v. Pilgrim Paper Corp.,* 152 F Supp. 504; *Perkins v. Benguet Consol. Min. Co.,* 107 N.E. 2d 203 (Ohio); *Moe v. Stearns,* 288 F 992; *Johnson v. Atlantic & Pacific Fisheries Co.,* 224 P 13 (Wash.); *Sterling Nov. Corp. v. Frank & Hirsch D. Co.,* 86 N.E. 2d 564, 12 A.L.R. 2d 1435 (N.Y.); *Hartstein v. Seidenbach's Inc.,* 222 N.Y.S. 404; *Fleischmann Const. Co. v. Blauner's,* 179 N.Y.S. 193.

Admittedly, the court had jurisdiction of the individual defendants, who are officers of and constitute the majority of the board of directors of Department Store.

Did the court have jurisdiction of the asserted cause of action?

Normally private corporations are created to permit the use of funds contributed by a designated minimum number of shareholders for the operation of a commercial enterprise of the kind specified in the charter. The funds are provided by the shareholder upon the assumption they will be profitably used, and he will benefit thereby. The statutes of South Carolina recognize the motives which prompt the creation and continued operation of business corporations. Code of Laws of S. C., 12-201 and 12-651.

Stock ownership in this country has reached such proportions that many corporations list more than 50,000 shareholders, and some have in excess of 500,000 shareholders.

Actual management of corporate affairs is entrusted by the shareholders to a board of directors. Shareholders elect as directors those in whom they have confidence because of known or reputed integrity or ability. Given, as they are by the shareholders, the power to manage, it necessarily follows that no external authority should interfere with the exercise of the power so entrusted when honestly exercised for the benefit of the corporation and all of its shareholders.

One of the important duties imposed on directors is the ascertainment of a fiscal policy best adapted to the needs of the corporation. An incident to this policy is a determination of the course to pursue

with respect to the declaration of dividends. What part of the profits should be disbursed to the shareholders and when the disbursements should be made are of utmost importance to the corporation and its shareholders. Courts will not interfere with the discretionary power vested in the directors with respect to dividends when honestly exercised; but when it is made to appear that the directors are acting in bad faith and clearly abusing their discretion for some ulterior and improper purpose, a court of equity will intervene and require the declaration and payment of a dividend to prevent what is in effect a fraud on shareholders. *Gaines v. Mfg. Co.,* 234 N.C. 331, 67 S.E. 2d 355; *Gaines v. Mfg. Co.,* 234 N.C. 340; 67 S.E. 2d 350; *Johnson v. Brandon Corp.,* 69 S.E. 2d 594 (S.C.); *Thompson v. Thompson,* 51 S.E. 2d 169 (S.C.); *Kroese v. General Steel Castings Corp.,* 179 F 2d 760, 15 A.L.R. 2d 1117; Fletcher, Cyc. Corporations (Perm. ed.) sec. 5325; 13 Am. Jur. 678; 18 C.J.S. 1112.

Some courts have stated that they did not have jurisdiction of a suit against a foreign corporation which involved questions of management and fiscal policies. *Condon v. Mutual Reserve Assn.,* 73 Am. St. Rep. 169 (Md.); *Fuller v. Ostruske,* 296 P 2d 996 (Wash.); *Relief Assn. v. Equitable Assur. Soc.,* 42 N.E. 2d 653 (Ohio); *Boyette v. Preston Motors Corp.,* 89 So. 746 (Ala.).

It is not, we think, a question of the power to judge but the ability to secure the evidence to properly judge or power to enforce the judgment which controls. There is a distinction between the power to exercise and the wisdom of exercising jurisdiction. The distinction is, we think, aptly phrased by the Supreme Court of Illinois in *Babcock v. Farwell et al.,* 91 N.E. 683, 19 Ann. Cas. 74: "The reasons which influence courts of chancery to refuse to interfere in the management of the internal affairs of a foreign corporation are, that the rights arising between a corporation and its members out of such management depend on the laws of the State under which the corporation is organized; that the courts of that state afford the most appropriate forum for adjudication upon the relation between the stockholders and the corporation, and that frequently such courts alone possess power adequate to the enforcement of all decrees that justice may require. It is the inability of the court to do complete justice by its decree, and not its incompetency to decide the question involved, that determines the exercise of its power. The general statement that courts will not interfere with the management of the internal affairs of foreign corporations must be construed in connection with the facts. The rule rests more on grounds of policy and expediency than on jurisdictional grounds; more on want of power to enforce a decree than on jurisdiction to make it."

This is, we think, the basis on which the majority of the courts have acted in refusing to exercise jurisdiction. *Rogers v. Guaranty Trust Co.*, 288 U.S. 123, 77 L. ed. 652, 89 A.L.R. 720; 23 Am. Jur. 425, 426; 20 C.J.S. 99; Fletcher, Cyc. Corporations (Perm. ed.) sec. 8427. In *Brenizer v. Royal Arcanum*, 141 N.C. 409, and *Howard v. Insurance Co.*, 125 N.C. 49, this Court recognized the inability of the courts of this State, on the facts established in those cases, to enforce any decree which might be entered with respect to the management of the foreign corporation, and because of such want of authority, jurisdiction was denied.

In 1955 the Legislature declared the policy of this State. It enacted: "No action in the courts of this State shall be dismissed solely on the ground that it involves the internal affairs of a foreign corporation but the court may in its discretion dismiss such an action if it appears that more adequate relief can be granted or that the convenience of the parties would be better served by an action brought in the jurisdiction of its incorporation or in the jurisdiction where the corporation has its executive or managerial headquarters or, because of the circumstances, in some other jurisdiction." G.S. 55-133(a).

The authors of the bill which contained this provision directed this comment to the Legislature: "While the doctrine of nonintervention in the internal affairs of a foreign corporation is still frequently asserted, the courts have increasingly taken jurisdiction in cases which that doctrine would seem to deny. At this date it is believed that a test more nearly approaching 'forum non-conviens' should govern the court's decision and that a statute making that apparent would represent a sound innovation."

The individual defendants demurred to the complaint for the same reasons assigned by Department Store in its motion to dismiss, i.e., lack of jurisdiction over the asserted cause of action. Their demurrer was overruled.

Defendants have not asserted that the facts alleged, if established, are insufficient to justify a proper court of competent jurisdiction in awarding plaintiff appropriate relief. For that reason we have not stated the facts on which plaintiff bases his right to the relief demanded. The law in South Carolina with respect to the facts to be established before a court will interfere and direct the payment of a cash dividend is stated in *Thompson v. Thompson, supra,* and *Johnson v. Brandon Corp., supra.*

Based on the findings, specifically including the finding that the question of declaring dividends had heretofore been determined in Charlotte and not in South Carolina, coupled with the fact that the

court has power to enforce such decree as it may render by orders directed to the directors who are present before it constituting the majority of the board, and the conclusion which the court drew that the convenience of the parties would not be better served by an action in the State of its incorporation, we are of the opinion and hence hold that the motion to dismiss was properly denied.

Affirmed.