C. W. FULTON and GRANITE CITY MOTOR COMPANY v. LOUIS P.
TALBERT.

(Filed 16 June, 1961.)

1. **Corporations § 13—**

   G.S. 55-35, which is declaratory of the law prior to the effective date of the Business Corporation Act, constitutes the officers and directors of a corporation fiduciaries and liable to the corporation and its shareholders for the utilization of their authority for their own benefit to the detriment of the corporation, but notwithstanding, contracts between them and the corporation fixing the amount and method of payment of compensation for services are not void or voidable *per se*.

2. **Corporations § 5—**

   An action against officers and directors of a corporation to recover salary or other compensation paid to the officer which was not honestly earned and fairly owed, may be maintained by a minority stockholder when the corporation is so dominated and controlled by the wrongdoer that it is powerless to act.

3. **Corporations § 13—**

   An action against a corporate officer to recover salaries, bonuses, or other remuneration paid by the corporation to the officer, is based on fraud in the receipt of monies not honestly earned and fairly owed, and mere allegation that such amounts were exorbitant, unreasonable and unjust is insufficient, it being required that plaintiff allege facts from which conclusions of fraud may be drawn.

APPEAL by plaintiff Fulton from *Johnston, J.,* February 1961 Term of SURRY.

This is an appeal from a judgment sustaining a demurrer based on a failure to state a cause of action.

*Folger & Folger for plaintiff appellant.*
*Woltz & Faw for defendant appellee.*

RODMAN, J.   The allegations of the complaint may be summarized thus: Plaintiff Fulton owns 10 shares of the stock of Granite City Motor Company, a corporation created under the laws of this State for the purpose of buying and selling new and used automobiles. The corporation is now in process of voluntary liquidation. Defendant, his wife, and George C. Wright and wife were elected as directors of the corporation in 1950, at which time George C. Wright was elected president and treasurer, his wife, assistant secretary, defendant, vice president and secretary, and his wife, an assistant secretary. These four have held these offices and served as directors continuously since 1950. Defendant owns 73 shares of the company stock. George C.

Wright owns a like number. They, with their respective wives, own and control 213 shares of stock which constitute a majority of the outstanding stock of the company. In 1951 the four named directors voted to pay a salary of $1000 per month to defendant and a like salary to George C. Wright. Monthly salaries were accordingly paid to defendant and Wright beginning in 1951 and continuing through 1959. Defendant and Wright were, over a period of eight years, each paid bonuses in excess of $41,000. In addition to the salaries and bonuses so authorized and paid, defendant and Wright were, pursuant to authorization of the four directors, paid traveling, promotional, and entertainment expenses. The amount paid to defendant for these purposes amounted to $24,500 in an eight-year period. An identical amount was paid to Wright, the president, for these purposes. The amounts so paid defendant were exorbitant, unreasonable, and unjust, and far in excess of just and reasonable value of the services rendered, resulting in his unjust enrichment at the company's expense in a sum in excess of $83,000.

The complaint is barren of allegations that plaintiff Fulton had in corporate meetings protested or otherwise challenged the propriety of paying bonuses or promotional or entertainment expenses or the reasonableness of the sums paid for these purposes or paid as salaries. The complaint contains no allegation with respect to the volume of business done, earnings and dividends paid, territorial area in which the corporation did business, the character of the business done other than selling automobiles, the need for entertainment expenses, sums actually expended by defendant for travel, promotional and entertainment expenses as compared with the amounts withdrawn from the corporation for these purposes, nor any basis for computing reasonable salaries.

The Business Corporation Act provides: "Officers and directors shall be deemed to stand in a fiduciary relation to the corporation and to its shareholders and shall discharge the duties of their respective positions in good faith, and with that diligence and care which ordinarily prudent men would exercise under similar circumstances in like positions." G.S. 55-35. This statutory provision, in effect since 1957, is declaratory of the law prior to the effective date of that Act. *Teague v. Furniture Co.*, 201 N.C. 803, 161 S.E. 530; *Pender v. Speight*, 159 N.C. 612, 75 S.E. 851.

Notwithstanding the fiduciary relationship existing between officers and the corporation which they serve, contracts fixing the amount and method of paying compensation for services to be rendered are not void or voidable *per se*. G.S. 55-30; *Caho v. R.R.*, 147 N.C. 20; *Credit*

*Corp. v. Boushall,* 193 N.C. 605, 137 S.E. 721; *Putnam v. Juvenile Shoe Corp.,* 40 A.L.R. 1412; *Rogers v. Hill,* 289 U.S. 582, 88 A.L.R. 744; 13 Am. Jur. 982-983.

Where, however, an officer of a corporation so utilizes his authority as to benefit himself to the detriment of the corporation, a right of action accrues to the corporation. *McIver v. Hardware Co.,* 144 N.C. 478.

Ordinarily stockholders have no right in their name to enforce causes of action accruing to the corporation. *Jordan v. Hartness,* 230 N.C. 718, 55 S.E. 2d 484. But, where the corporation is so dominated and controlled by a wrongdoer as to be powerless to act, minority stockholders may bring the action, making the corporation a party. *Belk v. Department Stores,* 250 N.C. 99, 108 S.E. 2d 131; *R.R. v. R.R.,* 240 N.C. 495, 82 S.E. 2d 771; *Hill v. Erwin Mills,* 239 N.C. 437, 80 S.E. 2d 358; *Murphy v. Greensboro,* 190 N.C. 268, 129 S.E. 614.

The right of action which accrues for the fixing and taking by one in authority of salaries, bonuses, or other monies not honestly earned and fairly owing is based on fraud. When one seeks to recover for wrongs fraudulently inflicted, he must allege the facts which, if proven, will establish the fraud. It is not sufficient merely to allege as a conclusion that the payments were "exorbitant, unreasonable, and unjust." *Products Corp. v. Chestnutt,* 252 N.C. 269, 113 S.E. 2d 587; *Broadway v. Asheboro,* 250 N.C. 232, 108 S.E. 2d 441; *Isley v. Isley Co.,* 248 N.C. 417, 103 S.E. 2d 495; *Thomas & Howard Co. v. Insurance Co.,* 241 N.C. 109, 84 S.E. 2d 337; *Steele v. Cotton Mills,* 231 N.C. 636, 58 S.E. 2d 620.

Because plaintiff based the right to recover on factual conclusions and not on facts from which conclusions could be drawn, the court was correct in sustaining the demurrer. The judgment properly allows plaintiff time to amend. G.S. 1-131.

Affirmed.