Margaret Carroll **BOLLARD**, Plaintiff,

v.

**VOLKSWAGENWERKE, A.G.,** and Volkswagen of America, Inc., Defendants.

Civ. A. No. 17845-3.

United States District Court,
W. D. Missouri, W. D.

Feb. 24, 1970.

Robert M. Van Horn, Hutson, Van Horn & Schmidt, Kansas City, Mo., for plaintiff.

John C. Risjord, Gordon, Adams, Niewald & Risjord, Kansas City, Mo., for defendants.

## ORDER DENYING DEFENDANT VOLKSWAGENWERKE, A.G.'s MOTION TO DISMISS AND TO QUASH SUMMONS

BECKER, Chief Judge.

This is a suit under the diversity statute, Section 1332, Title 28, United States Code, in which plaintiff alleges that she was injured by a defective windshield in her husband's Volkswagen automobile.

By its motion filed on December 22, 1969, defendant Volkswagenwerke, A.G. moved to quash summons served on one "G. Storbach", 818 Sylvan Avenue, Englewood Cliffs, New Jersey, and accordingly to dismiss the complaint against it. In support of the motion, defendant Volkswagenwerke, A.G. produced the affidavit of its president that it did not do business in Missouri and that Gunter Storbach was not an agent of the defendant authorized to receive service of process. It also produced the affidavit of Storbach to the effect that he was not an agent of defendant authorized to receive service. Thereupon, this Court entered its order directing the plaintiff to show cause in writing why summons should not be quashed and the complaint dismissed with respect to defendant Volkswagenwerke, A.G. Plaintiff responded on February 6, 1970, attaching to her response a counteraffidavit and designation papers from the United States Department of Transportation, showing that Volkswagen of America, Inc., was designated the agent of Volkswagenwerke Aktiengesellschaft "pursuant to section 110(e) of the National Traffic and Motor Vehicle Safety Act of 1966." Plaintiff also filed new summons, showing service and return thereof on Volkswagen of America, Inc., on January 29, 1970, by service on the Secretary of State's office with a registered mail copy to be sent to Volkswagen of America and Dr. Hans Kruger in Wolfsburg, Germany.

Plaintiff has therefore demonstrated that defendant Volkswagenwerke, A.G. has been served appropriately within the terms of the controlling statute, Section 351.633, RSMo, which reads as follows:

"Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law."

Section 1399 of Title 15, United States Code, is another law within the terms of § 351.633, which provides as follows:

"It shall be the duty of every manufacturer offering a motor vehicle or item of motor vehicle equipment for importation into the United States to designate in writing an agent upon whom service of all administrative and judicial processes, notice, order, decisions and requirements may be made for and on behalf of said manufacturer, and to file such designation with the Secretary, which designation may from time to time be changed by like writing, similarly filed. Service of all administrative and judicial processes, notices, orders, decisions and requirements may be made upon such designated agent at his office or usual place of residence with like effect as if made personally upon said manufacturer, and in default of such designation of such agent, service of process, notice, order, requirement or decision in any proceeding before the Secretary or in any judicial proceeding for enforcement of this subchapter or any standards prescribed pursuant to this

subchapter may be made by posting such process, notice, order, requirement, or decision in the Office of the Secretary. Pub.L. 89–563, Title I, Section 110, Sept. 9, 1966, 80 Stat. 723."

Further, service is properly had under other sections of § 351.633 by serving the Secretary of Volkswagenwerke, A.G. and having the Secretary of State mail a copy to the corporation's office in the state of incorporation. Also, it is proper under § 351.630, as appears below.

Defendant's contention, in support of its motion to dismiss, that it is not amenable to service in Missouri is without merit. Defendant Volkswagenwerke, A.G.'s close relationship with Volkswagen of America, Inc., points to the distribution of Volkswagenwerke A.G.'s products in this state by a distributorship, which, while independent, is nevertheless closely allied with Volkswagenwerke, A.G. in the distribution of its products. Recent jurisprudence has been wont to classify such as "doing business" in a state to make the concern subject to service of process within that state. See Seven Provinces Ins. Co. v. Commerce and Industry Ins. Co. (W.D. Mo.) 306 F.Supp. 259; Sanders Associates, Inc. v. Galion Iron Works & Mfg. Co. (C.A.1) 304 F.2d 915; Belk v. Belk's Department Store, 250 N.C. 99, 108 S.E.2d 131. It has, for instance, been widely held that a corporation entering into a contract contemplating significant activities or effects in another state is prima facie reasonably subjected to the jurisdiction of that state. See, e. g., Corporate Development Specialists, Inc. v. Warren Teed Pharmaceuticals, 102 N.J.Super. 143, 245 A.2d 517. Further, state law controls the issue of whether a foreign corporation is amenable to service within the state. Jennings v. McCall Corp. (C.A.8) 320 F.2d 64. And recent Missouri cases indicate that Missouri has adopted the "minimum contacts" doctrine as the standard by which amenability of service is to be determined. See Slivka v. Hackley, Mo., 418 S.W.2d 89; Adams Dairy

Co. v. National Dairy Products (W.D. Mo.) 293 F.Supp. 1164; Seven Provinces Ins. Co. v. Commerce & Industry Ins. Co., *supra*.

For the foregoing reasons, it is

Ordered that defendant's motion to quash summons and to dismiss be, and it is hereby, denied.