340 So.2d 544 (1976)
VOLKSWAGENWERK Atkiengelselischaft, a German Corporation, Appellant,
v.
Albert W. McCurdy et al., Etc., Appellees.
No. DD-80.
District Court of Appeal of Florida, First District.
December 21, 1976.
*545 J. Richard Caldwell, Jr., of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant.
Anthony I. Provitola, of Provitola & McDermott, De Land, Wilson Sanders, Orlando, Alfred A. Green, Jr., Wesley A. Fink, Daytona Beach, for appellees.
BOYER, Chief Judge.
Appellant, named as defendant in a negligence action filed by appellees, appeals from an order denying its motion to quash substituted service of process effected under F.S. § 48.181, one of Florida's "longarm" statutes. Appellees have cross-assigned as error that portion of the order which granted a motion to quash service of process attempted pursuant to the National Highway Traffic Safety Act (15 U.S.C. Section 1399(e)) and F.S. § 48.081(1).
The action is based upon an automobile collision which occurred on October 30, 1974. The complaint alleges that appellant, a corporation organized under the laws of Germany having its principal place of business in that country, is not authorized to do business in Florida, and is not amenable to service of process by personal service within the state. The complaint further asserts that another defendant, Volkswagen of American, Inc., hereinafter referred to as VWoA, is a new Jersey corporation which is a wholly owned subsidiary of appellant as is another defendant, Volkswagen Southeastern Distributor, Inc., hereinafter referred to as VWSD, which is a Florida corporation. Finally, the complaint states that appellant has no agents nor other representatives within the state other than VWoA and VWSD, and that VWoA was the alter-ego or agent of appellant in the importation, distribution, and sale of the 1969 Volkswagen which was involved in the accident.
Plaintiffs, citing Elmex Corp. v. Atlantic Federal Savings & Loan Association, Fla. App. 4th 1976, 325 So.2d 58, successfully argued before the trial court that the allegations of their complaint were sufficient to invoke the application of F.S. § 48.181. Specifically, plaintiffs rely on two factual allegations: That VWoA, licensed to do business in Florida, is a solely owned subsidiary of the defendant, and that the 1969 Volkswagen involved in the accident was distributed for sale by defendant through VWoA.
The courts of this state have repeatedly held that statutes providing for substituted service must be strictly construed and one seeking to effect service thereunder has the burden of presenting facts which clearly justify the applicability of the statute. (American Baseball Cap, Inc. v. Duzinski, Fla.App. 1st 1975, 308 So.2d 639) Where one seeking to quash service of process makes a prima facie showing that it was not amenable to substituted service of process under Florida's "long-arm statute", the burden then shifts to plaintiffs to support the allegations of their complaint and to clearly show facts sufficient to sustain the propriety of the substituted service of process sought. (American Baseball Cap, Inc., supra at 646) Sub judice, the motion to quash established a prima facie showing by alleging that appellant *546 conducted no business within the state of Florida nor within the United States of America and that neither VWoA or VWSD was an agent of appellant authorized to accept service of process on behalf of appellant.
The fact that VWoA is a wholly owned subsidiary of appellant is insufficient, in and of itself, to overcome the prima facie showing made by appellant. Only where there is a showing by plaintiff that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state is substituted service of process permitted. (Deere & Co. v. Watts, Fla.App.3d 1963, 148 So.2d 529) Appellees have not presented nor proved any facts tending to show that appellant exercised such control over its subsidiary, VWoA, as to render it amenable to substituted service of process, but have merely relied upon the bare fact that VWoA is the wholly owned subsidiary of appellant. Notwithstanding dictum in AB CTC v. Morejon, Sup.Ct.Fla. 1975, 324 So.2d 625, 627, to the contrary, control of VWoA by appellant may not be inferred merely from the status of the former as a wholly owned subsidiary of the latter. Thus, because appellees did not maintain their burden of clearly proving that appellant was amenable to substituted service of process pursuant to F.S. § 48.181, the motion to quash should have been granted.
As to the issue raised by the cross-appeal, appellees claim that appellant designated VWoA as their agent under the National Highway and Traffic Safety Act and that, therefore, VWoA may be served as appellant's business agent pursuant to F.S. § 48.081(1)(d). The trial court quashed service of process on that ground, and properly so. First, appellees have neither pleaded nor proved that VWoA is a business agent of appellant, but only that appellant designated VWoA as an agent for service of process under the National Highway and Traffic Safety Act. Appellees have not established, and we refuse to so hold, that an agent under the National Highway and Traffic Safety Act is equivalent to a "business agent" for purpose of F.S. § 48.081(1). Moreover, F.S. § 48.081(1)(d) applies only to those business agents residing within the state of Florida. While VWoA is authorized to do business in Florida, appellees have neither alleged nor proved that VWoA resides within the state.
Affirmed in part; reversed in part and remanded for further proceedings consistent herewith.
MILLS and SMITH, JJ., concur.