Bodean SIPES and Nancy Sipes, Plaintiffs–Respondents,

v.

AMERICAN HONDA MOTOR CO., INC., Northeast Motorcycle Co., Inc., Defendants,

and

Cheng Shin Rubber Industrial Co., Ltd. of Taiwan, Defendant–Appellant.

No. WD 30954.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Robert J. Campbell, John C. Hickey, Kansas City (Brown, Koralchik & Fingersh, Kansas City, of counsel), for defendant–appellant.

Joseph A. Hamilton, Pleasant Hill, for plaintiffs–respondents.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

WASSERSTROM, Chief Judge.

Cheng Shin Rubber Industrial Co., Ltd. of Taiwan, (hereinafter referred to as defendant) appeals from a judgment awarding damages to plaintiff Bodean Sipes for personal injuries and to Nancy Sipes for loss of consortium. Defendant's sole contention on appeal is that the trial court did not acquire jurisdiction over it by valid service of process. We agree.

Defendant manufactures motorcycle inner tubes which are sold in the United States. In order to market those tubes, it is required by the National Traffic and Motor Vehicle Safety Act (15 U.S.C. § 1381 et seq.) to file with the United States Department of Transportation a designation of an agent to receive service of process. Defendant, through its attorney Alvin G. Greenwald, did file such a designation with the Department which read in part as follows: "Cheng Shin Rubber Industry Co., Ltd. hereby and herewith appoints Cheng Shin Tire U.S.A., Inc. a California corporation as designated agent for service in the United States of any judicial or administrative processes, notices, orders, decisions, requirements, by, of and from the secretary of transportation, U.S. Department of Transportation.... Cheng Shin Rubber Industry Co., Ltd.'s principal place of business and mailing address is: 12, Meikong Lane, Huang Tso, Datsuen Changhua, Taiwan, Republic of China ...."[1]

1. The record on appeal in this case contains a document from the United States Secretary of Transportation certifying "that the annexed is a true copy of the designation" referred to above. For some reason, probably through inadvertence, the designation itself is not attached to that certificate. However, the same document appears as an exhibit in the file in this court of State ex rel. Cheng Shin Rubber Industrial Co., Ltd. of Taiwan v. Kimberlin, No. KCD30592, and the designation above quoted does appear as an attachment to the exhibit in that file. We are entitled to and have taken judicial notice of the file in KCD30592. *Knorp v. Thompson*, 352 Mo. 44, 175 S.W.2d 889, 894 (Mo.1943); *Hardin v. Hardin*, 512 S.W.2d 851,

Upon the filing of their petition against defendant, plaintiffs directed service upon the Secretary of State under Section 351.-633, RSMo 1978, which authorizes such service upon any foreign corporation which commits a tort in Missouri. As part of its direction for service, plaintiffs furnished the following instructions:

"Please forward the summons to the Sheriff of Cole County for service on the Secretary of State pursuant to R.S.Mo 351.633. Copy of the following should be forwarded by registered mail by the Secretary of State to each of the names listed below.

1. Cheng Shin Rubber Industrial Company, Ltd. of Taiwan

2. Cheng Shin Tire, U.S.A., Inc.
   P. O. Box 2133
   Culver City, California 90230

3. Alvin G. Greenwald
   6300 Wilshire Boulevard, 12th Floor
   Los Angeles, California 90048"

Prior to trial defendant made a special appearance to challenge jurisdiction and to quash the issuance and service of summons. That motion was overruled, and defendant thereupon applied to this court for a writ of prohibition. That application for prohibition was denied. State ex rel. Cheng Shin Rubber Industrial Co., Ltd. of Taiwan v. Kimberlin, No. KCD30592. Defendant then filed answer in the trial court, in which it repeated its challenge to the court's jurisdiction. The trial resulted in a jury verdict and judgment against this defendant, from which this appeal is being prosecuted.

■ Section 351.633, under which jurisdiction is asserted against defendant, prescribes the manner of service and notification to the defendant foreign corporation as follows:

"2. In the event that any process, notice, or demand is served on the secretary of state, he shall immediately cause a copy thereof to be forwarded by registered mail, return receipt requested, addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state, or if there is no such address on file, then to the corporation at its office as shown in the official registry of the state of its incorporation and such address shall be provided by the plaintiff or his attorney."

In order for service to be effective, those statutory provisions must be met. Absent such compliance, the court is without power to adjudicate. *Ponder v. Aamco Automatic Transmission, Inc.*, 536 S.W.2d 888 (Mo.App. 1976); *State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo.App.1976); *State ex rel. Northwest Ark. Produce v. Gaertner*, 573 S.W.2d 391 (Mo.App.1978).

■ The purported service in this case did not comply with the requirements of Section 351.633–2. Contrary to the requirement that the plaintiff or his attorney provide to the secretary of state the address of the defendant corporation "at its office as shown in the official registry of the state of its incorporation," plaintiffs here gave no home office address for the defendant whatsoever. This failure to comply with the statutory requirement is fatal, even if in fact defendant did receive actual notice of the pendency of this suit. *State ex rel. Pressner v. Scott*, 387 S.W.2d 539 (Mo. banc 1965); *State ex rel. Northwest Ark. Produce v. Gaertner, supra; Ponder v. Aamco Automatic Transmission, Inc., supra.*

■ Plaintiffs say, however, that the service made here was good under subparagraph 3 of Section 351.633, which provides: "3. Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law." Plaintiffs argue that another manner permitted by law was provided by the federal statute 15 U.S.C. Sec. 1399(e) which states:

854 (Mo.App.1974); *Mince v. Mince*, 481 S.W.2d 610, 614 (Mo.App.1972); *State v. Hawkins*, 582 S.W.2d 333, 334 (Mo.App.1979);

*Hines v. Sweet*, 567 S.W.2d 435, 437 (Mo.App. 1978).

"(e) It shall be the duty of every manufacturer offering a motor vehicle or item of motor vehicle equipment for importation into the United States to designate in writing an agent upon whom service of all administrative and judicial processes, notices, orders, decisions and requirements may be made for and on behalf of said manufacturer, and to file such designation with the Secretary, which designation may from time to time be changed by like writing, similarly filed. Service of all administrative and judicial processes, notices, orders, decisions and requirements may be made upon said manufacturer by service upon such designated agent at his office or usual place of residence with like effect as if made personally upon said manufacturer, and in default of such designation of such agent, service of process, notice, order, requirement or decision in any proceeding before the Secretary or in any judicial proceeding for enforcement of this subchapter or any standards prescribed pursuant to this subchapter may be made by posting such process, notice, order, requirement or decision in the Office of the Secretary."

Plaintiffs particularly rely on *Bollard v. Volkswagenwerke, A. G.*, 313 F.Supp. 126 (W.D.Mo.1970), in which a federal district court stated that service for purposes of a common law tort action in Missouri could be obtained upon the agent designated pursuant to the foregoing federal statute.

The vitality of that ruling in *Bollard* is somewhat diminished by the fact that the plaintiff in *Bollard* had obtained independent and undoubtedly good service against Volkswagenwerke by having the Secretary of State mail a copy of summons to the defendant corporation's office in Germany. Regardless of that, other courts have more recently disagreed with and have rejected the *Bollard* view. Thus in an unreported decision, *Rubino v. Celeste Motors, Inc.*, No. 72–CV–350 (D.C.N.Y.1974), *Bollard* was considered but not followed upon the following reasoning:

"Based on the precedent established by *Bollard v. Volkswagenwerke, A. G.*, 313 F.Supp. 126 (W.D.Mo.1970), I held in my previous decision that VWAG, by appointing VWoA as its agent pursuant to Sec. 1399(e), had established an agency relationship with VWoA and, further, that such relationship itself rendered VWAG amenable to suit whenever VWoA could be found within the state. Upon reconsideration and after a careful study of the Safety Act and its legislative history, I am convinced that my previous reasoning was in error and that the appointment of an agent under Sec. 1399(e) is solely for the purposes of expediting enforcement of the Safety Act and is not a general agency appointment which, in and of itself, would make the acts of VWoA attributable to VWAG. *See* 1966–2 U.S.Code Cong. & Adm.News, 89th Cong., 2d Sess., p. 2736; 49 C.F.R. Sec. 551.45 (1973). Although such a holding is not consistent with the *Bollard* case, it is my judgment, after rereading that case, that consideration of the Safety Act was not essential to the outcome of the case since jurisdiction was there sustainable under the Missouri long–arm statutes. *Bollard v. Volkswagenwerke, A. G., supra* at 128."

*Bollard* was again considered and rejected in a particularly well considered opinion, *Fields v. Peyer*, 75 Wis.2d 644, 250 N.W.2d 311 (1977). With respect to this point, the court held as follows:

"We conclude that neither the Secretary of State nor Volkswagen of America was Audi's agent for service of process. While Volkswagen of America was Audi's agent for the service of process, under the terms of the National Traffic and Motor Vehicle Safety Act, the scope of that agency was only in respect to process enforcing that act and did not give the agent authority to admit service in common–law actions commenced in state courts . . . .

"The record shows that, . . . Audi notified the administrator of the National Highway Traffic Safety Administration that in compliance with the statute:

" 'AUDI ... hereby designates Volkswagen of America, Inc., 818 Sylvan Avenue, Englewood Cliffs, N.J. 07632, as its agent upon whom service of all administrative and judicial processes, notices, orders, decisions and requirements under and in connection with the said act may be made for and on its behalf.'

"Audi points out that its designation of an agent limited his authority to admit service of process only on documents that are relevant to the National Traffic and Motor Vehicle Safety Act. It is apparent from the fact of the agency authorization that the scope of powers of Volkswagen of America is so limited.

"Additionally, 49 CFR 551.45(c), promulgated pursuant to the National Traffic and Motor Vehicle Safety Act, provides:

" 'Service of any process, notice, order, requirement, or decision specified in sec. 110(e) of the National Traffic and Motor Vehicle Safety Act of 1966 may be made by registered or certified mail addressed to the agent ....'

"These federal regulations are rules which have the effect of implementing and interpreting the congressional statutes. As such, they represent an administrative construction of the statute which must be given deference in construction of the statute itself. The regulation makes apparent what is implicit in the statute—that the power of the agent for process appointed under the act is limited by the scope of the act itself.

"We, accordingly, conclude that Volkswagen of America was not an agent for the general service of process of common–law actions emanating out of state courts; and, accordingly, the service attempted by both Peyer and Walker was insufficient to confer jurisdiction on the circuit court for Walworth county."

It is to be noted that the *Fields* opinion relies in part upon the wording of the agency designation filed by the defendant in that case with the federal department. The designation filed by Cheng Shin with the federal department was equally as limited and restricted. The decisions in *Rubino* and *Fields* are persuasive and should be followed. *See also, Volkswagenwerk, Etc. v. McCurdy,* 340 So.2d 544 (Fla.App.1976).

The judgment in this case should be and is hereby reversed for lack of personal jurisdiction over the defendant.

SHANGLER, J., concurs.

MANFORD, J., dissents in separate opinion filed.

MANFORD, Judge, dissenting.

I must dissent.

No exception is taken to the facts of the instant case as summarized in the majority opinion.

It is the far–too–narrow interpretation given 15 U.S.C. § 1399 (1966), commonly referred to as the National Traffic and Motor Vehicle Safety Act of 1966, and further, the too–narrow interpretation attributed to § 351.633, RSMo 1978 by the majority opinion applicable to and within the facts of the instant case, with which I take exception.

I cannot support the net effect of the majority opinion which is to subject the citizens of this state to products of foreign manufacturers and then deny those same citizens any practical opportunity for redress for damages occasioned by those foreign products.

It is claimed by appellant that respondents' failure to comply with that portion of § 351.633(2), RSMo 1978, which reads, " * * * and such address shall be provided by the plaintiff or his attorney," prevented the court from acquiring jurisdiction over appellant.

Section 351.633(2) further provides that if such foreign corporation not be upon the corporate registry of Missouri, the Missouri Secretary of State shall cause a copy of service of process and the petition to be forwarded to the foreign corporation at its office as shown in the official registry of the *state of incorporation.*

The majority opinion agrees with appellant that respondents' failure to furnish the

address of appellant was fatal to securing jurisdiction over appellant. Under such limited and narrow interpretation, it would be virtually impossible for any person wronged by such foreign corporation to obtain redress because foreign corporations in the same status as appellant are not incorporated or not upon the *corporate registry of any state.*

Appellant argues that *state* is not limited to the 50 states of the United States of America, but should be interpreted as to include foreign nations. The reading and review of our service statutes do not support appellant's contention, and to so interpret our statutes places an undue burden upon persons aggrieved by *foreign* corporate action.

Respondents argue that § 351.633(3) provides for valid service in the instant case because of the last wording in said section. The section reads as follows:

> "3. Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation *in any other manner now or hereafter permitted by law.*" (emphasis added)

Respondents further argue that another manner permitted by law is 15 U.S.C. § 1399(e). The majority opinion sets out this federal section and acknowledges that prior hereto, the United States District Court (W.D.Mo.1970) acknowledged § 1399(e) as "another law" for purposes of service of process within the meaning of § 351.633(3). The case was *Bollard v. Volkswagenwerke, A. G.*, 313 F.Supp. 126 (W.D.Mo.1970). The majority opinion rejects *Bollard* and instead adopts *Rubino v. Celeste Motors Inc.*, No. 72–CV–350 (D.C.N.Y.1974) and *Fields v. Peyer*, 75 Wis.2d 644, 250 N.W.2d 311 (1977), which narrow the applicability of § 1399(e) to proceedings involving the foreign corporations and the Secretary of the U.S. Department of Transportation.

I would reject *Rubino* and *Fields* and adopt the rationale in and apply *Bollard*. The reason for such a position is that construing § 1399(e) to include the appointment of an agent for service of process in common tort actions is in harmony with the overall intent of the National Traffic and Motor Vehicle Safety Act. That is to say that if the purpose and intent of the federal act is to insure that foreign products are safe for American consumers, then holding the foreign manufacturer liable therefor is not in disharmony with the federal act.

The majority opinion further discounts *Bollard* because in *Bollard*, the plaintiff provided separate and independent notice to the defending foreign corporation. In the instant case, appellant received actual notice of these proceedings, so when the reality of the situation is considered, appellant's position herein is likened to that of the defending foreign corporation in *Bollard*. We do not have a situation where judgment by default is the question.

The net effect of the majority opinion is the denial to any injured party access to our courts for possible redress of injuries and damages simply because that injured party cannot produce an address of or for some foreign corporation located perhaps in some obscure corner of the world. When that foreign corporation has actual notice of the proceedings, as in the instant case, it not only appears illogical to deny our citizens access to our courts, but provides a patently unfair advantage to the foreign corporation.

It is true that § 1399(e), regarding the facts and issues of the instant case, does not lend itself by its direct wording to the questions of service of process for actions in tort; but judicial construction can and should be applied to interpret said section to apply to situations such as the instant case, for to do so is consistent with the overall intent of the federal act.

Because of the particular facts and circumstances of the instant case and upon the reasons set forth herein, I would affirm the judgment.