**Lilia C. Pasquale, Administratrix of the Estate of Augustine P. Pasquale v. Linda L. Genovese, Volkswagenwerk, A.G. a/k/a Volkswagenwerk Aktiengesellschaft, Volkswagen of America, Inc., Volkswagen Northeast Distributing, and Lindholm Motors, Inc.**

[428 A.2d 1126]

No. 93-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 10, 1981

*Stephen A. Reynes* of *Niles, Johnson & Gibbs,* Woodstock, for Plaintiff.

*Richards and Lawlor, P.C.,* Springfield, for VWAG.

**Barney, C.J.** This is the second interlocutory appeal in a wrongful death action arising out of an automobile accident. Plaintiff, the administratrix of the decedent's estate, sued the driver of the other car involved in the accident and each of the parties involved in the manufacture and delivery of the Volkswagen (VW) in which the decedent was traveling at the time. Included in the latter category were the retailer, the regional distributor, the national distributor (VWoA) and the German

manufacturer (VWAG). The plaintiff alleges negligence by the defendant driver and breaches of warranty by the various other defendants.

The controversy thus far involves the establishment of personal jurisdiction over VWAG, the German manufacturer of the decedent's VW. Service on VWAG was sought to be made by service on a corporate attorney of VWoA in Kings County, New York. Appellant reasoned that VWoA was an agent of VWAG's for the purpose of service of process in this action. VWAG moved for dismissal on the theory that no personal jurisdiction had been obtained. It argued first that there was no nexus between it and Vermont on which to predicate a constitutional exercise of personal jurisdiction. This motion was denied and the issue was certified for interlocutory appeal. The appeal resulted in an affirmance of the trial court's determination and the case was remanded as a result. (See *Pasquale v. Genovese*, 136 Vt. 417, 392 A.2d 395 (1978).) The issue of the adequacy of service was mentioned, but, for lack of proper certification, was never reached by this Court.

On remand, a hearing on the issue of the adequacy of service resulted in an order dismissing the cause of action as against VWAG. The trial court found that VWoA was not a proper agent for service of process in a wrongful death action against VWAG either on the basis of its designation of VWoA as agent under 15 U.S.C. § 1399(e) of the Motor Vehicle Safety Act (MVSA), or on an agency theory under V.R.C.P. 4. Plaintiff's motion for leave to appeal was granted, but disagreement resulted as to the content of the question to be certified on appeal. Plaintiff's proposed order only sought certification of the question of service under the MVSA. Counsel for VWAG objected insofar as the proposed question failed to address the issue of service on a general agent under V.R.C.P. 4(d)(7). In spite of the objection, however, the question was certified as follows, essentially in conformity with the plaintiff's proposal:

> Does service of process upon an agent appointed pursuant to the National Traffic and Motor Vehicle Safety Act (15 U.S.C.A. Section 1399(e)) constitute sufficient service on the principal under V.R.C.P. Rule 4(d)(7) where the cause of action arises other than under the provisions of said Act?

The text of 15 U.S.C. § 1399(e) provides as follows:

It shall be the duty of every manufacturer offering a motor vehicle or item of motor vehicle equipment for importation into the United States to designate in writing an agent upon whom service of all administrative and judicial processes, notices, orders, decisions and requirements may be made for and on behalf of said manufacturer, and to file such designation with the Secretary, which designation may from time to time be changed by like writing, similarly filed. Service of all administrative and judicial processes, notices, orders, decisions and requirements may be made upon said manufacturer by service upon such designated agent at his office or usual place of residence with like effect as if made personally upon said manufacturer, and in default of such designation of such agent, service of process, notice, order, requirement or decision in any proceeding before the Secretary or in any judicial proceeding for enforcement of this subchapter or any standards prescribed pursuant to this subchapter may be made by posting such process, notice, order, requirement or decision in the Office of the Secretary.

VWAG did designate VWoA as agent for service of process pursuant to the above provision. The issue is whether this designation authorizes VWoA to accept process for VWAG in any cause of action, or merely for those arising out of the MVSA. The trial court dismissed the cause of action as against VWAG, holding that the agency did not extend beyond causes of action arising under the MVSA. We agree.

Plaintiff cites only *Bollard* v. *Volkswagenwerke, A.G.*, 313 F. Supp. 126 (W.D. Mo. 1970), for the proposition that a designation under 15 U.S.C. § 1399(e) permits service of process upon VWoA for causes of action arising outside the MVSA. A survey of the other cases on point indicates that the *Bollard* decision is unique in its conclusion. None of the previous or subsequent cases adopt the same reasoning, and several more recent decisions reject its result as incorrect. The *Bollard* case is offered for the proposition that service of an agent designated under 15 U.S.C. § 1399(e) is an effective means of obtaining personal jurisdiction over the principal

in cases arising outside the MVSA. To the extent that *Bollard* does reach that conclusion, it is dictum. The service was upheld on the basis of a local statute pertaining to service of process generally. It was therefore unnecessary for the court to reach the issue of service under the MVSA, and to the extent that it purported to do so, it is of limited persuasiveness in this context. A number of recent cases have addressed the question of service under the MVSA. They uniformly arrive at a result contrary to that in *Bollard*. To the extent that they discuss *Bollard*, its result is rejected as incorrect. See, e.g., *Fields* v. *Peyer*, 75 Wis. 2d 644, 656–57, 250 N.W.2d 311, 318 (1977); *Rubino* v. *Celeste Motors, Inc.*, No. 72-CV-350 (D.C.N.D.N.Y., Oct. 11, 1974).

A careful reading of 15 U.S.C. § 1399(e) convinces us that the trial court was correct in rejecting the reasoning of the *Bollard* decision. That section authorizes an alternative method of service where no agent has been designated pursuant to its mandate. This alternative method is authorized, however, only for causes of action arising under the MVSA. A construction of that section which would permit service on a designee for causes of action arising outside of the MVSA would therefore produce an anomalous result. The manufacturer could limit its susceptibility to process by refusing to designate an agent. We reject this construction as unreasonable and affirm the corresponding part of the trial court's decision. An agent designated to receive process pursuant to 15 U.S.C. § 1399(e) is not a proper agent for the receipt of process, without more, in an action against the principal arising outside of the MVSA.

In order for the trial court to dismiss the cause of action as against VWAG, it was necessary for it to find that the attempted service was insufficient both under the MVSA and on the theory of general agency under V.R.C.P. 4(d)(7). A careful reading of the transcript of the hearing on the motion to dismiss and the resulting order would indicate that it did precisely that. Nonetheless, and even over the objection of counsel for VWAG, only the issue of service under the MVSA was certified for appeal. The usual rule on interlocutory appeals has been to confine the review to the express questions certified by the court below. *Wood* v. *Wood*, 135 Vt. 119, 121, 370 A.2d 191, 192 (1977); *Miller Automobile Co.* v. *State*

*Highway Board,* 126 Vt. 389, 390–91, 233 A.2d 48, 49 (1967). But see *State* v. *Carpenter,* 138 Vt. 140, 145–46, 412 A.2d 285, 288–89 (1980). Given the facts presented, we see no reason to deviate from this general rule in this case.

*The certified question is answered in the negative. Cause remanded.*