585 So.2d 426 (1991)
AQUILA STEEL CORPORATION, Etc., Appellant,
v.
Budd FONTANA, Individually and Marion Fontana, His Wife et al., Appellees.
No. 90-1427.
District Court of Appeal of Florida, Third District.
September 3, 1991.
Merritt & Sikes, Cooper Wolfe & Bolotin, Sharon L. Wolfe, Marc Cooper, and Linda G. Katsin, for appellant.
Bedord & Kray, Hicks Anderson & Blum and Robert S. Glazier, for appellees.
Before HUBBART, JORGENSON and GODERICH, JJ.
GODERICH, Judge.
The defendant, Aquila Steel Corporation Limited and/or Aquila Steel Company Limited [Aquila Steel], appeals from a non-final order denying its motion to dismiss or quash service of process for lack of jurisdiction. We reverse.
Budd Fontana sued several corporations for injuries sustained while using a concrete form lifting system while working at a construction site in Dade County. The defendants included Aquila Steel, an Australian corporation, and Aquila Aluminum, a California corporation. Fontana filed a notice in which he stated that the sheriff in California had properly served Aquila Steel Company Limited through its registered agent, Bern J. Galvin. However, the affidavit from the sheriff states that the sheriff served Aquila Aluminum Corporation through its registered agent, Bern J. Galvin.
Aquila Steel moved to quash service or dismiss for lack of jurisdiction. In support of its motion, Aquila Steel filed an affidavit by Bern Galvin stating that he had been Aquila Aluminum's president, but that he is not, nor has he ever been, Aquila Steel's resident agent. The affidavit further stated that Aquila Steel does not do business in the United States and that Aquila Steel and Aquila Aluminum are separate and independent companies, which conduct different types of business.
In opposition to the motions, Fontana filed the deposition of Jose M. Magboo, Jr., *427 who had served as Aquila Aluminum's president. Magboo testified that Aquila Steel was the parent company which owned Aquila Aluminum. He said that he reported directly to the chairman of the board of Aquila Steel. Magboo said that Aquila Steel supplied to Aquila Aluminum the equipment at issue in this action. The trial court denied the motion to quash or dismiss. Aquila Steel appeals.
Florida law provides that process against a foreign corporation may be served on the agent designated by the corporation. §§ 48.081(3), 48.091, 48.194, Fla. Stat. (1987). However, in the case at bar, Bern J. Galvin was not the agent of Aquila Steel. In addition, on its face, the affidavit of service returned by the California sheriff shows that the sheriff served Aquila Aluminum, not Aquila Steel. The failure to list Aquila Steel on the return of service means that Aquila Steel was not served. See Greene v. Stone, 418 So.2d 290 (Fla. 3d DCA 1982).
By itself, the fact that the party actually served is the wholly-owned subsidiary of the party for whom service was intended does not support substituted service. See Mac Millan-Bloedel, Ltd., v. Canada, 391 So.2d 749 (Fla. 5th DCA 1980). "Only where there is a showing by plaintiff that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state is substituted service of process permitted." Volkswagenwerk Atkiengelselischaft v. McCurdy, 340 So.2d 544, 546 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 950 (Fla. 1977). In the instant case, Fontana has made no such showing. There was no evidence that the parent and subsidiary companies were alter egos or that the parent thoroughly controlled the subsidiary. Fontana has not presented sufficient facts to make service on the subsidiary, service on the parent. Thus the trial court erred in denying the motion to quash service. Accordingly, the order denying the motion to quash service is reversed.[1]
NOTES
[1] Our decision makes it unnecessary to address Aquila Steel's contention that it did not fall within Florida's long-arm jurisdiction and lacked minimum contacts with Florida.