Elvira de la **VEGA GLEN** and **Robert M. Glen, Plaintiffs,**

v.

**CLUB MÉDITERRANÉE S.A.,** a **French Corporation, and Club Méditerranée Group, a French Corporation Defendants.**

No. 04–21664–CIV–MOORE.

United States District Court, S.D. Florida.

Feb. 16, 2005.

Michael Olin, Stephen F. Rosenthal, Podhurst Orseck, P.A., Miami, FL, Andrew H. Marks, Stuart H. Newberger, Alyssa Gsell, Beth Nolan, James W. Reed, Crowell & Moring LLP, Washington, DC, for Plaintiff.

Benjamine Reid, Carlton Fields, P.A., Miami, FL, Elliot E. Polebaum, Fried Frank Harris Shriver & Jacobson LLP, Washington, DC, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Motion by Defendant Club Méditerranée, S.A. ("CMSA") to Dismiss the Complaint (DE # 28).

UPON CONSIDERATION of the motion, responses, and being otherwise fully advised in the premises, this Court enters the following Order, granting in part the Motion by Defendant CMSA to Dismiss the Complaint.

## BACKGROUND

This action arises out of an alleged unlawful and unjust trespass on and use by Defendant, CMSA,[1] of beachfront property in Varadero, Cuba, ("Varadero Property") which is allegedly owned by Plaintiffs, Elvira de la Vega Glen and Robert M. Glen (collectively the "Glens"). Plaintiffs assert three separate causes of action against CMSA: (1) unjust enrichment; (2) trespass; and (3) violations of the Trading with the Enemy Act, 50 U.S.C.App. § 1 *et seq.* ("TWEA"). Specifically, the Complaint alleges that CMSA disregarded Plaintiffs' longstanding ownership of the Varadero Property, by building and operating a 337–room luxury resort hotel on the property beginning in 1997. Compl. at 1. Plaintiffs claim that CMSA generated millions of dollars of revenues and profits from this "commercial exploitation" of the Varadero Property, and that CMSA has "failed and refused to share any of these proceeds or to make any payment whatsoever" to the Glens. *Id.* Plaintiffs seek compensation for CMSA's alleged wrongful exploitation of the Varadero Property and CMSA's alleged unjust enrichment at Plaintiffs' expense. *Id.* at 1–2. In addi-

---

1. Plaintiffs also name as a defendant "Club Méditerranée Group," which they allege is a French corporation and a subsidiary of CMSA. Compl. ¶ 4. Defendant CMSA claims that no such entity exists. *See* Mot. to Dismiss at 1 n.1.

tion, Plaintiffs allege that CMSA's dealings with the Government of Cuba in connection with the development and operation of the luxury resort hotel on the Varadero Property violated TWEA, and seek a declaration that CMSA violated this federal statute. *Id.* at 2.

In the instant action, CMSA seeks dismissal of Plaintiffs' Complaint for insufficiency of process, lack of proper venue, lack of subject matter jurisdiction, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(5) and 12(b)(6). Specifically, CMSA argues that: (1) Plaintiffs have failed to serve CMSA; (2) the act of state doctrine precludes this Court from considering the unjust enrichment and trespass claims; (3) the political question doctrine (or in the alternative, preemption) precludes the Court from considering the unjust enrichment and trespass claims; (4) the local action doctrine precludes this Court's exercise of jurisdiction with respect to the unjust enrichment and trespass claims, or in the alternative, the local action doctrine renders venue improper in this district; (5) the Court lacks jurisdiction to consider Plaintiffs' claim under the TWEA because the statute confers on Plaintiffs no judicially remediable rights; (6) Plaintiffs lack standing to bring a claim under TWEA; and (7) the Complaint fails to state a claim upon which relief can be granted under any applicable law.

## DISCUSSION

CMSA moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5), claiming insufficient service of process. CMSA argues that: (1) it must be served pursuant to the Hague Service Convention;[2] and (2) serving a subsidiary of CMSA does not effectuate service upon CMSA. *See generally* Mot. to Dismiss at 4–7. In response, Plaintiffs claim that they have properly served CMSA through its Florida subsidiaries, Club Med Sales, Inc. ("CMSI") and Club Med Management Services, Inc. ("CMMS"), and that while service pursuant to the Hague Service Convention is not required, they have commenced the process of serving CMSA pursuant to the Convention. Resp. to Mot. to Dismiss at 3–4.

■ Florida state courts "have consistently held that statutes relating to substituted service of process ... must be strictly construed; and that the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n,* 325 So.2d 58, 61 (Fla.Dist. Ct.App.1976) (citations omitted). The plaintiff has the burden to plead and prove facts that "clearly justify as a matter of law the applicability of the substituted service statutes in order to meet a legal challenge to such service." *Id.* (citations omitted).

### A. Service Under the Hague Service Convention

■ Pursuant to Federal Rule of Civil Procedure 4, to serve a foreign corporation that is not within any judicial district of the United States, service must be accomplished "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention..." *See* Fed.R.Civ.P. 4(f)(1); 4(h)(2).

■ Article 1 of the Hague Service Convention states: "The present Convention shall apply in all cases, in civil or

---

**2.** Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638.

commercial matters, where there is *occasion to transmit a judicial or extrajudicial document for service · abroad.*" *See Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694; 699, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988) (citing Hague Service Convention, 20 U. S. T. at 362)(emphasis added). Pursuant to the Supremacy Clause, U.S. Const., Art. VI, "the Convention pre-empts inconsistent' methods of service prescribed by state law in all cases to which it applies." *Id.*

■■ Compliance with the Hague Service Convention is mandatory in all cases to which it applies. *Id.* at 705, 108 S.Ct. 2104. In *Schlunk,.* the Supreme Court set out the test for the applicability of the Hague Service Convention: it is applicable "[i]f the internal law of the forum state defines · the applicable method of serving process as requiring the transmittal of documents abroad...." *Id.* at 700, 108. S.Ct. 2104. Therefore, whether an "occasion · ... for service abroad" exists depends on the internal law of the forum state. "In each case, a court must determine whether the forum's state law requires the sending of process abroad." *McClenon v. Nissan Motor Corp.,* 726 F.Supp. 822, 824 (N.D.Fla.1989).

■ Under Florida law, to serve a foreign corporation that is alleged to be doing business within the State of Florida, a plaintiff must serve the summons and complaint on the Florida Secretary of State and on the foreign corporation at its overseas offices. *See* Fla. Stat. §§ 48.181(1), 48.161; *McClenon,* 726 F.Supp. at 825. In *McClenon,* the court explained that because Florida Statutes § 48.161 requires the sending of notice of process directly to the defendant, in addition to service upon the Secretary of State, the· Florida Statute requires "the transmittal of documents abroad." As in *McClenon,* in this case the Florida Statute requires the "transmittal of documents abroad" to Defendant CMSA. 726 F.Supp. at 825. Therefore, under *Schlunk,* the Hague Service Convention applies, and CMSA must be served pursuant to the Convention.

## B. Service Upon a Subsidiary[3]

·■■ Plaintiffs claim they have properly served CMSA through its Florida subsidiaries, CMSI and CMMS. Resp. to Mot. to Dismiss at 3. Florida Statutes sections 48.181(3) and 48.181(1), provide that if a nonresident defendant does business in the forum through "brokers, jobbers, wholesalers, or distributors," then service through such an entity is proper as service on an agent of process. *McClenon,* 726 F.Supp. at 826. Therefore, if, under Florida law, CMSI or CMMS is such an agent, then Plaintiffs' service on that company would be proper service upon CMSA.[4]

**3.** Plaintiffs allege that CMSA is subject to personal jurisdiction of this Court pursuant to Fla. Stat. § 48.193. Under § 48.193(3), "[s]ervice of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in § 48.194." However, pursuant to § 48.194, "[s]ervice of process on persons outside the United States may be required to conform to the provisions of.the [Hague Service Convention]." Therefore, regardless of whether CMSA is subject to the jurisdiction of this

Court, CMSA must still be served pursuant to the Hague Service Convention.

**4.** Pursuant to Florida Statutes § 48.181(2), Florida law provides for serving process on a particular agent designated by a foreign corporation who is doing business in the state. However, in this case, service was made on the registered agent of CMSI and CMMS, subsidiaries of CMSA. However, CMSA has not designated CMSI or CMMS's agent as its agent for service of process in Florida. Therefore, section 48.181(2) is inapplicable.

■ "The fact that a party served within the state is a wholly owned subsidiary of another company does not, by itself, support substituted service under Florida law." *Id.* (citing *Mac Millan–Bloedel, Ltd. v. Canada,* 391 So.2d 749, 751 (Fla.App.1980); *Volkswagenwerk Atkiengelselischaft v. McCurdy,* 340 So.2d 544, 546 (Fla.App.1976)). The parent-subsidiary relationship alone does not establish the agency necessary for serving process on the parent through the subsidiary. *B.G. Wasden v. Yamaha Motor Co.,* 131 F.R.D. 206, 209 (M.D.Fla.1990). The plaintiff has the burden of showing "that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state ..." *McClenon,* 726 F.Supp. at 826 (citations and quotations omitted).

■ As noted *supra,* Florida courts have held that statutes providing for substituted service must be strictly construed. *Id.* A plaintiff seeking to effectuate service of process under those statutes has the burden of presenting facts that clearly justify the applicability of the statute. *Id.* Plaintiffs have neither presented nor proven any facts tending to show that Defendant CMSA exercised control over its subsidiaries, CMSI and CMMS. There is no evidence that the parent and subsidiary companies were alter egos or that the parent throughly controlled the subsidiary. Plaintiffs have merely relied upon the fact that CMSI and CMMS are subsidiaries of CMSA, and thus have not met their burden of proving proper service of process. Further, because Plaintiffs have failed to allege any facts that would support a finding that CMSI or CMMS are agents of CMSA under Section 48.181, that section is inapplicable.

5. If necessary, Plaintiffs may move this Court for an extension of time in which to serve

## CONCLUSION

Based on the foregoing discussion, service upon CMSA must satisfy the requirements of the Hague Service Convention. Because Plaintiffs have not complied with the Hague Service Convention, it is

ORDERED AND ADJUDGED as follows:

(1) To the extent that Defendant CMSA's Motion to Dismiss the Complaint (DE #28) pursuant to Fed. R.Civ.P. 12(b)(5) challenges the service of process in this case as insufficient, the Motion is GRANTED. However, the Complaint is not dismissed; Plaintiffs are granted an additional thirty (30) days to effect proper service upon CMSA, in accordance with the Hague Service Convention.[5] Plaintiffs shall notify this Court within five (5) days of proper service of process.

(2) This Court reserves ruling on all other portions of the Motion by Defendant CMSA to Dismiss the Complaint. Upon being properly served, CMSA may move this Court to renew its Motion to Dismiss.

(3) This action, including discovery, is STAYED pending proper service. The Clerk of Court is directed to administratively CLOSE this case.