RAMIREZ, J.
Sol Meliá, S.A. d/b/a Meliá Caribe Tropical (“Sol Meliá”), appeals a non-final order of the trial court partially denying its motion to quash service. Sol Meliá argues that the trial court erred when it ruled that Fontana could properly serve Sol Me-liá by serving its Florida subsidiary, Sol Group Corporation (“Sol Group”). Because there is insufficient evidence to establish Sol Meliá’s requisite control over Sol Group, we find substituted service of *1227 process on Sol Group ineffective and reverse the order below.
Sol Meliá is a Spanish corporation that maintains its principal place of business in Palma de Mallorca, Spain. Sol Group is an indirect subsidiary of Sol Meliá and is based in Miami, Florida. Sol Group is owned and operated by Sol Group, B.V., a holding company that is a direct subsidiary of Sol Meliá. Sol Group provides sales, marketing and other administrative services to corporations that own and/or operate resorts in Mexico, South America and the Caribbean. The corporations to which Sol Group provides services are either direct or indirect subsidiaries of Sol Meliá.
Lila Fontana filed suit against Sol Meliá after she allegedly slipped and broke her hip entering a Jacuzzi at hotel Meliá Car-ibe Tropical in Punta Cana, Dominican Republic. Sol Meliá owns the hotel, and the hotel is managed by Dominican Marketing and Services, N.V., an indirect subsidiary of Sol Meliá. In turn, Sol Group has a contract with Dominican Marketing to provide marketing and administrative services for the hotel.
Following her initial injury and subsequent medical procedures, Fontana attempted to serve Sol Meliá by delivering process to Sol Group’s general counsel in the company’s Miami office. Sol Meliá filed a motion to quash service alleging first, that Fontana’s service on Sol Group was improper, and second, that service on Sol Group could not be effective service on Sol Meliá. Sol Meliá submitted two affidavits in support of its motion to quash service, one of Sol Meliá’s general counsel and a second of Sol Group’s general counsel.
The affidavit supplied by Sol Meliá’s general counsel establishes that Sol Meliá does not: do business in Florida, maintain an office in Florida, own any real or personal property in Florida, pay taxes or file returns in Florida, or have any representatives routinely present in Florida. Similarly, the affidavit of Sol Group’s general counsel established that Sol Meliá and Sol Group are separate and distinct companies that maintain separate bank accounts, books and records. Additionally, Sol Group’s general counsel stated that Sol Group, “is not and never has been, authorized to conduct business or accept service in Florida on Meliá’s behalf.”
Fontana opposed Sol Meliá’s motion and argued three points in support of proper service. First, Fontana focused on Sol Meliá’s December 31, 2009 Financial Report, which states in pertinent part:
Sol Meliá, S.A. and its subsidiary companies and associates (hereon [sic] the ‘Group’ or the ‘Company’) make up a group made up of companies that are mainly engaged in general tourist activities and more specifically in the management and operation of its own hotels, rental under management or franchise, and of vacation club operations.
Further, section 4 entitled “Consolidation Scope” defines “subsidiaries” as, “those companies controlled, directly or indirectly, by the parent company, in such a way that the latter can direct financial and operating policies with an aim to obtain profit for the company.” Additionally, Fontana focused on Sol Meliá’s website, which lists Sol Group under, the heading “Central and North American Division Corporate Offices.” Finally, Fontana pointed the fact that Sol Meliá’s chief executive officer and chief financial officer are directors of Sol Group, while another senior Sol Meliá executive is Sol Group’s secretary.
After reviewing the case file and hearing counsels’ arguments, the trial court found sufficient record evidence to justify service under section 48.081(2), Florida Statutes (2009). The trial court subsequently de *1228 nied Sol Meliá’s motion to the extent it argued Sol Group was not authorized to accept service of process on Sol Meliá’s behalf, and the court granted Fontana sixty days to re-serve Sol Meliá by serving process on Sol Group’s registered agent. We disagree with the trial court’s conclusion that Sol Group is authorized to accept service of process on Sol Meliá’s behalf.
The determination of whether a trial court properly ruled on a motion to quash service of process under section 48.081, Florida Statutes (2009), is a question of law which we review de novo. See Alvarado v. Cisneros, 919 So.2d 585, 587 (Fla. 3d DCA 2006).
Where a foreign corporation does not have any officers, directors, managers or business agents in Florida, section 48.081(3) provides that process against the foreign corporation may be served on an agent who is transacting business for the corporation in the state. See § 48.081(3), Fla. Stat. (2009). However, the fact that Sol Group is the wholly-owned indirect subsidiary of Sol Meliá does not, by itself, support substituted service. See Aquila Steel Corp. v. Fontana, 585 So.2d 426, 427 (Fla. 3d DCA 1991). See also Mac Millan-Bloedel, Ltd. v. Canada, 391 So.2d 749 (Fla. 5th DCA 1980). Rather, substitute service of process is only permitted where the plaintiff demonstrates, “that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state.” Aquila, 585 So.2d at 427; Volkswagenwerk Atkiengelselischaft v. McCurdy, 340 So.2d 544, 546 (Fla. 1st DCA 1976).
We conclude that the evidence Fontana proffered in support of substitute service fails to demonstrate the requisite degree of control. Specifically, the Financial Reports, website listing, and fact that the two corporations share directors are insufficient to establish that Sol Meliá and Sol Group were “alter egos,” or that Sol Meliá “thoroughly controlled” Sol Group. Aquila, 585 So.2d at 427; Vega Glen v. Club Mediterranee S.A., 359 F.Supp.2d 1352, 1357 (S.D.Fla.2005). Fontana provided no evidence to demonstrate that Sol Meliá’s control over the manner in which Sol Group provides services or conducts its day-to-day activities. Accordingly, the fact that the requisite control may merely be inferred from the nature of the companies’ relationship is insufficient to support substitute service under section 48.081(3), Florida Statutes (2009). We therefore reverse the trial court’s order partially denying Sol Meliá’s motion to quash service.
Reversed.