# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2014.
This opinion is not final until disposition of any further motion for rehearing
and/or motion for rehearing en banc.

_____

No. 3D13-3047
Lower Tribunal No. 11-21975
_____


**Juan Andres Puigbo,**
Appellant,

vs.

**Medex Trading, LLC, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, John W. Thornton, Judge.

Genovese Joblove & Battista, P.A., and W. Barry Blum and Aaron S. Blynn, for appellant.

Holland & Knight, LLP, and Alex M. Gonzalez, Israel J. Encinosa, Monica Vila, and Michael E. Rothenberg, for appellees.

Before WELLS, LOGUE and SCALES, JJ.

SCALES, J.

**On Motion for Rehearing**

We treat Appellant's Motion for Rehearing *En Banc* as including a Motion for Rehearing. We grant Appellant's Motion for Rehearing, withdraw the previous opinion, and issue the following opinion in its stead:

Juan Andres Puigbo (Puigbo), Defendant below, appeals from a non-final order denying his Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, Motion to Quash Service of Process or Dismiss on *Forum Non Conveniens* (Motion to Dismiss).[1] Puigbo argues that, although he may have been validly served pursuant to Article 223 of the Civil Procedure Code of Venezuela, such service was insufficient to confer *in personam* jurisdiction under Florida law.

Because we conclude that service was made in compliance with the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965 [1969], 20 U.S.T. 361 (the Hague Service Convention) and satisfied constitutional due process, we affirm.

## I.      Relevant Background

On July 15, 2011, Medex Trading, LLC (Medex) filed suit against Puigbo and others seeking a money judgment. Medex alleged that the defendants schemed

---

[1] We have jurisdiction to review this non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).

2

to defraud Medex. In an attempt to serve Puigbo, Medex sent service documents to the Venezuelan Central Authority in conformity with the Hague Service Convention. Following three unsuccessful attempts to personally serve Puigbo, the Venezuelan Central Authority served Puigbo pursuant to Article 223 of the Civil Procedure Code of Venezuela by publishing notice of the lawsuit in two Venezuelan newspapers on April 1, 2013, and April 5, 2013, and posting a copy of the service documents (which included the complaint) on Puigbo's door on May 6, 2013. On June 3, 2013, that service was confirmed by a Venezuelan court order.[2]

Puigbo filed his Motion to Dismiss essentially arguing that, notwithstanding any provision of the Hague Service Convention, Florida law requires Medex to effect personal service on Puigbo since Medex is seeking a money judgment from Puigbo.

## II.     Analysis

### a.  Standard of Review

The standard of review of a trial court's denial of a motion to dismiss for lack of personal jurisdiction is *de novo*. Am. Express Ins. Servs. Europe Ltd. v. Duvall, 972 So. 2d 1035, 1038 (Fla. 3d DCA 2008). Likewise, the denial of a motion to quash service is subject to *de novo* review. Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 179 (Fla. 3d DCA 2011).

---

[2] Service of Puigbo in this manner meets the requisites of the Hague Service Convention. See the Hague Service Convention, art. 6.

3

b. General Statutory Scheme

We begin our analysis by reviewing the relevant provisions of Florida's general statutory scheme governing service of process. Specifically, section 48.193(3), Florida Statutes (2013), states that persons outside of Florida who are subject to the jurisdiction of Florida's courts may be served "as provided in s. 48.194." The relevant provision of section 48.194, Florida Statutes (2013), is subsection (1), which reads, in pertinent part, as follows: "Service of process on persons outside the United States may be required to conform to the provisions of the Hague [Service] Convention . . . ."

c. The Hague Service Convention

The Hague Service Convention applies in all civil or commercial matters "where there is occasion to transmit a judicial or extrajudicial document for service abroad." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988) (citing the Hague Service Convention, art. 1). Florida law generally requires personal service to confer *in personam* jurisdiction in actions for personal money judgments. See Bedford Computer Corp. v. Graphic Press, Inc., 484 So. 2d 1225, 1227 (Fla. 1986); see also Zieman v. Cosio, 578 So. 2d 332, 333 (Fla. 3d DCA 1991). Because personal service is contemplated under Florida law, serving a defendant in another country necessarily requires "the transmittal of documents abroad" as contemplated by the Hague Service Convention. See Vega Glen v.

4

Club Méditarranée S.A., 359 F. Supp. 2d 1352, 1356 (S.D. Fla. 2005). Thus, the Hague Service Convention applies to the instant case.

    d.   Interplay Between Statutes and Hague Service Convention

Puigbo contends that, even though the Hague Service Convention applies, and he was served in conformity with it, personal service is nonetheless required for a Florida court to have jurisdiction to render a money judgment against him.

Puigbo's contention, however, misapprehends the interplay between the relevant provisions of sections 48.193(3), 48.194(1), and the Hague Service Convention, and discounts the effect of the Supremacy Clause contained in Article VI, Clause 2, of the United States Constitution.

When process is served and return of process is completed by an official of a country that is a signatory to the Hague Service Convention in accordance with Article 6 of the Convention, as it was here, that service is sufficient, and any additional requirement which may be imposed by Florida law is pre-empted. MacIvor v. Volvo Penta of Am., Inc., 471 So. 2d 187, 188 (Fla. 3d DCA 1985); see Volkswagenwerk, 486 U.S. at 699 (stating that by virtue of the Supremacy Clause of the United States Constitution, the Hague Convention "pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies"). Such preemption is contemplated by the relevant Florida statutes cited

5

above, which expressly reference that the Hague Service Convention may be applicable for service of process on persons outside of the United States.

e. Constitutional Due Process

In addition to complying with the Hague Service Convention, service of process also must satisfy constitutional due process. See Ackermann v. Levine, 788 F.2d 830, 838 (2d Cir. 1986). Constitutional notions of due process require that any means of service be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Here, Medex demonstrated that service via Article 223 of the Civil Procedure Code of Venezuela was likely to come to Puigbo's attention. Moreover, Medex has submitted evidence that Puigbo had actual knowledge of the case. Accordingly, we conclude that the service effectuated on Puigbo was reasonably calculated to apprise Puigbo of the pendency of the action.[3]

III. Conclusion

Therefore, because the Venezuelan Central Authority served Puigbo in accordance with the Hague Service Convention, and because such service

---

[3] Cases cited by Puigbo that address service on defendants who reside in the United States and who were served by publication under Chapter 49, Florida Statutes, are inapposite because the Hague Service Convention was not implicated in those cases.

6

comported with constitutional notions of due process, his Motion to Dismiss was properly denied.

Affirmed.