# Third District Court of Appeal

## State of Florida

Opinion filed June 29, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-134
Lower Tribunal No. 19-16551
_____

**Helga Zielcke,**
Appellant,

vs.

**Ilva Rubio, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Arnaldo Vélez, P.A., and Arnaldo Vélez, for appellant.

Law Office of Michelle C. Fraga, P.A., and Michelle C. Fraga, for appellees.

Before EMAS, SCALES and BOKOR, JJ.

SCALES, J.

Appellant Helga Zielcke appeals the trial court's January 19, 2022 non-final order denying her March 2, 2021 motion to quash service of process

and to dismiss the complaint of Appellees Ilva Rubio and Vivian Bostwick for an alleged lack of jurisdiction.

We affirm the trial court's determination that it has personal jurisdiction over Zielcke. Appellees' second amended complaint contains adequate allegations subjecting Zielcke to the specific jurisdiction of the circuit court. See § 48.193(1)(a)2., Fla. Stat. (2020).[1]

With regard to that portion of the challenged order denying Zielcke's motion to quash service of process, however, we are compelled to remand for further proceedings. Specifically, the challenged order does not address, much less adjudicate, Zielcke's argument (made both below and on appeal) that Appellees' purported service of process on Zielcke (via the Florida Secretary of State) failed to comply with the relevant provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents on Civil or Commercial Matters ("Hague Convention"). As it is undisputed that Zielcke is a resident of Colombia and that Colombia is a signatory to the

---

[1] While the trial court's order articulates a different basis for personal jurisdiction, our *de novo* review of the record supports the trial court's ultimate determination that the circuit court has personal jurisdiction over Zielcke. See Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Fort Lauderdale, 325 So. 2d 58, 61 n.3 (Fla. 4th DCA 1976) ("It is well settled that an appeal court will affirm an order of the trial court on appeal consistent with any theory revealed by the record, regardless of the reason stated in the order under review.").

2

Hague Convention, Appellees' compliance with the relevant provisions of the Hague Convention plainly is required to effectuate service on Zielcke, absent an explicit finding of a legally cognizable exception to such compliance. § 48.194(1), Fla. Stat. (2020) ("Service of process on persons outside the United States may be required to conform to the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters."); Puigbo v. Medex Trading, LLC, 209 So. 3d 598, 601 (Fla. 3d DCA 2014) (concluding that, because personal service is required under Florida law, service on a defendant residing abroad requires conformance with the Hague Convention, when applicable). Indeed, the trial court entered prior orders in this case recognizing the importance of Hague Convention compliance for service of process on Zielcke.

We therefore affirm that portion of the challenged order determining that the circuit court has personal jurisdiction over Zielcke, but we remand the case to the lower court to conduct whatever proceedings it deems appropriate to adjudicate the issue of whether Appellees' service of process on Zielcke comported with the relevant requirements of the Hague Convention, and to enter an appropriate order upon making such determination.

Affirmed in part; remanded in part, with instructions.